tional Transit Company was not liable for any greater damages than the other defendants.

I advise that judgment be reversed, and new trial granted; costs to abide the event. All concur, except PUTNAM, J., dissenting.

(24 App. Div. 143.)

## MANNING v. INTERNATIONAL NAV. CO.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

1. INJURY TO EMPLOYE—SUFFICIENCY OF COMPLAINT.

In an action to recover damages for the killing of plaintiff's intestate by an explosion on one of defendant's steamships, the complaint alleged that "the valve box, or the neck thereof, near the athwartship bulkhead in the starboard engine room, exploded," and that the defendant "provided and used unsafe, defective, and insecure piping and other machinery, including the said valve box and the neck thereof." Upon a motion by defendant, after answer, for a bill of particulars as to "what defective valves and insecure piping or other machinery the defendants provided or used, and in what respect the said piping or machinery was either defective, unsafe, or insecure," held, that the allegations of the complaint were confined to the exploded valve box in the room named, and the piping and machinery connected therewith, and were sufficiently specific.

2. SAME—BILL OF PARTICULARS.

In an action for negligence, care should be taken not to require particulars which it is impossible for the plaintiff to know with any degree of precision, dependent as he must to some extent be upon his proof, as otherwise they may serve only as a source of embarrassment or injustice.

3. SAME.

A plaintiff should not be compelled to set forth in a bill of particulars details which the defendant is more likely to know than the plaintiff able to furnish.

Ingraham, J., and Van Brunt, P. J., dissenting.

Appeal from special term.

Action by John Howard Manning, as administrator, against the International Navigation Company. From an order denying a motion for a bill of exceptions, defendant appeals. Affirmed.

The action was brought to recover damages for the killing of plaintiff's intestate by an explosion on board the steamship St. Paul. Paragraph 4 of the complaint alleges that "while the said steamship was lying at her wharf, * * * and while the said Walter Kaufman Manning was properly in the starboard engine room, * * * the valve box, or the neck thereof, near the athwartship bulkhead in the said starboard engine room, exploded." In paragraph 6 it is alleged that the defendant "provided and used unsafe, defective, and insecure piping, and other machinery, including the said valve box and the neck thereof." The answer admits that "the main steam pipe exploded, whereby large quantities of steam escaped, whereby the said Walter Kaufman Manning was killed, as stated in the fourth article of the complaint"; but it denies "that it provided and used unsafe, defective, or insecure piping and other machinery, including the valve box and the neck thereof, as stated in the sixth article of. the complaint." After issue joined, the defendant moved for a bill of particulars, to require the plaintiff to state specifically "what defective valves and insecure piping or other machinery the defendant provided or used, and in what respect said piping or machinery was either defective, unsafe, or insecure," which motion was denied; and from the order entered thereon this appeal is taken.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Henry G. Ward, for appellant.
Ira B. Wheeler, for respondent.

O'BRIEN, J.   The office of a bill of particulars is to limit the generality of a pleading, and to prevent surprise upon the trial, and not to furnish evidence for the opposite party; and, in actions for negligence, care should be taken not to require particulars which it is impossible to know with any degree of precision, dependent as he must to some extent be upon his proof, as otherwise they may serve only as a source of embarrassment or injustice.   Neither should the plaintiff be compelled to give details which the defendant is more likely to know, than the plaintiff able to furnish.   In the case of Reardon v. Card Co., 50 N. Y. Super. Ct. 514, some of these rules were recognized and applied.   There the complaint was made that a card-cutting machine belonging to the defendant was defective; and the court refused to require the plaintiff to point out in what particular it was defective, because the defendant had the means of testing the machine by their everyday experience, and finding out exactly what its condition was.   The defendant here claims that it cannot test the pipes which exploded and have been destroyed, and that, therefore, this case is to be distinguished.   Here the name of the steamer, its precise location, the position of the deceased at the time of the accident, the particular room where it occurred, the part of the machinery which exploded, and the situation of it, are not only stated, but admitted. The defendant's insistence that the machinery on board the steamship St. Paul is extensive and complicated, and the pipes, valves, and connections are innumerable, and related to each other, is misleading, because here the plaintiff states that not all the piping and other machinery were insecure and defective, but only the piping, and a particular part of it, namely, the valve box, located and designated in a particular part of the ship, was defective, unsafe, and insecure.   I think the allegation is sufficiently specific, and that the plaintiff should not be required to state his evidence, for that is really what is asked.   The plaintiff alleges that the valve box near the athwartship bulkhead in the engine room where the deceased was exploded.   This was caused by the defendant's providing unsafe piping and other machinery, including the valve box. The defendant need not go through all the complicated machinery of the ship, to prepare for trial.   It has only to look at its exploded valve box in this particular room, and the piping and machinery connected therewith.   All that is in its own hands.   Why should the plaintiff, who is an outsider, be required to point out the particular piping—the particular machinery—which was so unsafe as to cause the explosion.   It would seriously embarrass the plaintiff to be put to this test now, while the charge is so clear and concrete that it cannot prejudice the defendant to deny its application.

We think the order should be affirmed, with costs.

BARRETT and RUMSEY, JJ., concur.

INGRAHAM, J. (dissenting). We think that the complaint is so indefinite as to the statement of the negligence of the defendant, that it is entitled to be apprised of the particular defect, or the particular portion of the machinery which was defective, which caused the valve box, or the neck thereof, to explode. The plaintiff alleges that the defendant provided and used unsafe, defective, and insecure piping and other machinery. This allegation is entirely indefinite as to the machinery that was unsafe, defective, and insecure. If it is intended to allege that the valve box, or the neck thereof, was defective, that would present an issue as to whether or not the defendant was negligent in continuing to use such valve box; but the allegation is much more comprehensive, and would apply to any of the machinery upon the ship, as being insecure and unsafe, and as having caused or contributed to the explosion of the valve box. If the plaintiff makes such a claim, he should specify it, and give the defendant an opportunity upon the trial to meet the charge as to any specific part of the machinery which was alleged to be unsafe, defective, and insecure. I think, to that extent, the motion should have been granted, and the plaintiff required to furnish a bill of particulars specifying the particular part of machinery alleged to be unsafe, defective, and insecure. The fact that the defendant asked for a bill of particulars prior to the service of the answer, which was then refused by the plaintiff's attorney, would not justify the court in denying this motion. The allegation as to the defective machinery was upon information and belief, and the defendant could deny that allegation without requiring a specification of the particular portion of the machinery required. It does not appear that the defendant would have been entitled to a bill of particulars before answer; but for the purpose of giving to the defendant notice of the particular defect alleged, so as to be able properly to prepare for trial, a specification of the particulars of the machinery alleged to be unsafe is necessary. I dissent, therefore, from an affirmance of this order.

VAN BRUNT, P. J., concurs.