### NEUWELT v. CONSOLIDATED GAS CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 6, 1904.)

1. GAS—INJURIES FROM ESCAPE—ACTION—PLEADING—COMPLAINT—BILL OF PARTICULARS.

   Where the complaint in an action against a gas company alleged that gas leaked from its mains and supply pipes into plaintiff's premises and there exploded, and that the escape of the gas was due to the negligent manner in which the pipes' were constructed and maintained, plaintiff should not be required to furnish a bill of particulars as to the particular act or acts of negligence claimed to have caused the explosion.

Appeal from Special Term, New York County.

Action by Gabriel Neuwelt against the Consolidated Gas Company of New York. From an order requiring plaintiff to furnish a bill of particulars, he appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

David S. Myers, for appellant.
Miron Winslow, for respondent.

HATCH, J.   It is averred, in the sixth paragraph of the complaint, "that on the 28th day of January, 1899, in the premises Nos. 117 and 119 Prince street, in the borough of Manhattan, city of New York, an explosion of illuminating gas manufactured by the defendant, and distributed by it as aforesaid, which had leaked and escaped from its mains and supply pipes into said premises, suddenly occurred, without any negligence on the part of this plaintiff, and wholly in consequence of the negligence and improper manner in which the gas pipes, gas mains, and supply pipes of the defendant in said premises had been and were constructed, maintained, and managed by the defendant, its agents and servants.   That the gas which exploded from such mains and pipes into the building above set forth, and had been ignited by other gases or other substances, and the explosion which resulted as aforesaid," damaged the plaintiff in manner specified. It thus appears that by the averment of the complaint the gas escaped from the pipes over which the defendant had control, and from which it escaped into the premises of the plaintiff.   By the order which has been granted, the plaintiff is required to specify the particular act or acts of negligence on the part of the defendant, its servants or agents, which the plaintiff claims to have caused the explosion. The plaintiff in his affidavit states that whether the defendant in the management of its gas mains and gas pipes in Prince street, and in the storage and transportation of illuminating gas through such pipes, was or was not guilty of negligence, are matters upon which the defendant, its agents and servants, are necessarily better informed than he is, and we entirely agree with that statement.   The defendant has control, management, and care of the pipes through which it transports its gas, and from which it derives a revenue from consumers. They are solely and exclusively under its control.   The compound which it transports and in which it deals is highly dangerous, inflammable, and explosive, and in its care and management a great degree of care and skill in supervision is required.   To cause a party who avers that it has been negligent in this respect in the management and control of its pipes to state wherein it has been negligent is to require a specification of something which the defendant, its agent and servants, above all other persons, should have knowledge, and, when it is considered how difficult it is even for experts to determine from what particular spot or place gas escaped, or wherein or how and at what place it permitted it to escape from its pipes, is to impose a burden upon the party with which it is scarcely possible to make compliance.   If anybody knows, it is the defendant.   It was said by Mr. Justice O'Brien, in writing for this court, in Manning v. International Navigation Co., 24 App. Div. 143, 49 N. Y. Supp. 182, in speaking of a similar question:

"The office of a bill of particulars is to limit the generality of a pleading and to prevent surprise upon the trial, and not to furnish evidence for the opposite party; and in actions for negligence care should be taken not to require particulars which it is impossible to know with any degree of precision, dependent, as the plaintiff must to some extent be, upon his proof; as otherwise they may serve only as a source of embarrassment or injustice. Neither should the plaintiff be compelled to give details which the defendant is more likely to know than the plaintiff to be able to furnish."

This language finds precise application to the facts of this case, and, applying this rule, it requires a reversal of this order.

The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

