Lacey told him to do as he was told. As Tully started to leave the car, and was stepping off with the right foot, the car suddenly started upwards, due, it is claimed, to the fact that one of the bags rolled over upon the controller handle, throwing it over and starting the car upwards. It appears that this controller handle, or lever, whereby the car is put in operation, is in front of the operator. Had plaintiff remained in his position in the car, as he was required to stay under the rules (under which no operator is allowed to leave his car while there still remains some one upon it, unless relieved by another operator), no accident could have happened. Plaintiff admits that the fact that he left the car made it possible for the bag to strike the controller handle. It is plaintiff's contention that defendant was negligent in not installing upon the car a secondary or baby switch, which is under the control of the operator, and which makes it impossible for the car to be moved unless the switch is thrown on; that is, after the secondary switch is thrown off, it is impossible for the car to be placed in motion either upwards or downwards. There was some proof that such switches were installed upon cars in buildings in the city of New York, including cars of the type used in the Park Row building, which was the Sprague Platt Long Screw elevator.

The weakness of the plaintiff's contention lies in the fact that there is no proof that the alleged negligence of the defendant in not installing such a switch as has been referred to was the cause of the accident. It does not appear that the plaintiff would have felt called upon to throw off such a switch when he left the elevator. On the contrary, it affirmatively appears that the direct and proximate cause of the accident was the act of the plaintiff in stepping from behind the controller handle out of his car, and thus leaving the controller lever within reach of the bags of paper which had been piled up under his direction within the car, without first seeing to it that the bags (after the removal of the first of them) were safely piled, and were not apt to either fall against the controller handle, or be dragged against it by the helper during their removal.

For these reasons, the findings that the defendant was guilty of negligence, and the plaintiff free from contributory negligence, are against the weight of evidence, and the judgment is therefore reversed, with costs to the appellant, and a new trial ordered, with costs to the appellant to abide the event. All concur.

(159 App. Div. 453.)

GRIFFIN v. CUNARD S. S. CO., Limited.

(Supreme Court, Appellate Division, First Department. December 5, 1913.)

PLEADING (§ 314*)—BILL OF PARTICULARS—RIGHT TO BILL.

    In a personal injury action, where defendant pleaded contributory negligence and the negligence of a fellow servant, plaintiff is not entitled to a bill of particulars of the negligence relied on, for until he makes out his case defendant cannot properly limit his defense, as it will depend on plaintiff's proof.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 952, 953; Dec. Dig. § 314.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Patrick Griffin against the Cunard Steamship Company, Limited. From an order granting plaintiff's motion for a bill of particulars, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Lord, Day & Lord, of New York City (Allan B. A. Bradley, of New York City, of counsel), for appellant.

Almy, Van Gordon, Evans & Kelly, of New York City (William S. Evans, of New York City, of counsel), for respondent.

CLARKE, J. The complaint alleges that the plaintiff was in the employ of the defendant steamship company, and while under said employment was stationed on the hurricane deck of the steamship Saxonia at or near hatch No. 2 thereon; that he was struck by a draft containing several barrels of flour which was being raised from the pier upon said steamship, thereby throwing him from said hurricane deck and precipitating him down through said hatch and upon the olive [sic] deck of the said steamer, through the fault, carelessness, and negligence of the defendant, its agents, servants, and employés. The answer alleges for a first defense that the injuries complained of were caused in whole or in part by the contributory negligence of the plaintiff; and for a second defense, by the negligence of a competent fellow servant or fellow servants. The plaintiff moved for a bill of particulars specifying: First, the facts showing what acts the plaintiff committed and which constituted his contributory negligence; second, the facts showing the acts of negligence of the competent fellow servant or fellow servants, which contributed to the accident. And from the order granting said motion the defendant appeals.

Prior to the trial the defendant should not be compelled to state the particulars required and thus limit and define its possible defense. Plaintiff knows what he did and is required to prove his cause of action. Until he and his witnesses disclose the facts, it would be extremely difficult, if not impossible, for the defendant company to comply with this order. It should not be thus improperly hampered. Upon considerations of sound public policy we have not allowed general examinations before trial in negligence cases. Wood v. Hoffman, 121 App. Div. 636, 106 N. Y. Supp. 308. It seems apparent that, if an order should require the defendant to give the particulars of the claimed contributory negligence, the court must be prepared to grant an application for an order for plaintiff's examination before trial to enable defendant to comply with the order for particulars. We are unwilling to embark on this course of procedure. The defense of contributory negligence in its very nature precludes the necessity for particularization. In our opinion this discretionary order should not have been granted.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.