(163 App. Div. 54)

ITHACA TRUST CO. v. DRISCOLL BROS. & CO.   (No. 122–24.)

(Supreme Court, Appellate Division, Third Department. July 1, 1914.)

PLEADING (§§ 8, 318*)—ANSWER—BILL OF PARTICULARS—DISCRETION OF COURT.

> Under Code Civ. Proc. § 500, declaring that an answer shall contain a statement of new matter constituting a defense, and Labor Law (Consol. Laws, c. 31) § 202a, added by Laws 1910, c. 352, providing that contributory negligence of an injured employé is a defense to be pleaded and proved by the employer, an answer in an action for the death of an employé, which alleges that decedent's death was caused solely by his own negligence, merely pleads a conclusion, and the court may, on motion, require a bill of particulars of the acts of decedent causing death.

> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68, 963–969, 971; Dec. Dig. §§ 8, 318.*]

> Smith, P. J., dissenting.

Appeal from Special Term, Tompkins County.

Action by the Ithaca Trust Company, as executor of William E. Marion, deceased, against Driscoll Bros. & Co. From an order requiring defendants to furnish a bill of particulars, it appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Cobb, Cobb, McAllister & Feinberg, of Ithaca (Peter F. McAllister, of Ithaca, of counsel), for appellant.

E. H. Bostwick, of Ithaca, for respondent.

JOHN M. KELLOGG, J. Section 202a, added to the Labor Law (Consol. Laws, c. 31) by chapter 352 of the Laws of 1910, declares that contributory negligence of the injured employé is a defense, to be so pleaded and proved by the defendant. The answer alleges that the plaintiff's loss and damage was caused solely by reason of the negligence and carelessness of its intestate. The order appealed from requires the defendant to give a bill of particulars of the alleged acts of the plaintiff's testator which caused the injury. The accident resulted in death, and the acts of the decedent and the acts causing the injury must be shown by others. Presumably knowledge as to the facts rests more with the defendant than with the plaintiff, and proof of the facts to a great extent must come from the defendant's officers and servants. The court, therefore, properly exercised its discretion in directing the bill of particulars.

The new provision in the Labor Law was intended to remedy defects in the practice theretofore existing, and the defendant is now required to allege and prove contributory negligence. The section is not to be construed to death, but is to be given a fair and reasonable interpretation to carry out the beneficent purposes intended. Ordinarily a defendant must state the facts constituting the defense, and there is no good reason why contributory negligence should be treated differently than any other defense. It must, however, be left to the wise discretion of the judge granting the order to see that it is not used as an instrument of oppression or wrong. A mere allegation in a complaint that the plaintiff was injured by defendant's negligence ordinarily would not survive a motion to require a statement of the facts and circumstances constituting the alleged negligence. When contributory negligence is now alleged as an affirmative defense, it is difficult to see why the defendant should not state the facts in an issuable form, and not mere conclusions. The requirement that the defendant must allege contributory negligence must be read in connection with section 500 of the Code of Civil Procedure, which prescribes what the answer shall contain. It may be a denial, as mentioned in the first subdivision of the section, or, as permitted by the second subdivision, "a statement of new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition." New matter is stated by alleging facts, and not a mere conclusion of fact.

It is urged that the defendant may not know what the acts of contributory negligence are until the plaintiff's case is developed; but ordinarily a defendant knows the condition of his works and plant, and if an injury occurs such knowledge gives some information at least as to how the accident probably occurred. Where the injured person is dead, and the injury occurred upon the defendant's works, the plaintiff may well be surprised by the testimony of employés or officers of the defendant, and should properly be informed of the acts which are alleged to constitute the contributory negligence. We are not saying that in every case a bill of particulars must be furnished; it is sufficient to hold that in this case the discretion of the trial court was properly exercised.

The power of the court under this section has been sustained in Haveholm v. Whale Creek Iron Works, 159 App. Div. 578, 144 N. Y. Supp. 833. A bill of particulars was denied in Griffin v. Cunard Steamship Co., 159 App. Div. 453, 144 N. Y. Supp. 517. These cases indicate that the power rests with the Special Term and is a matter of sound discretion.

The order was properly granted, and should be affirmed, with costs. All concur, except SMITH, P. J., who dissents.