(163 App. Div. 112)

### FERNET v. JAMES STEWART & CO., Inc.

(Supreme Court, Appellate Division, Third Department. July 1, 1914.)

PLEADING (§ 318*)—BILL OF PARTICULARS—DEFENSES—CONTRIBUTORY NEGLIGENCE.

Where the complaint in a personal injury action contains a dragnet allegation of negligence, and does not specify the particular negligence which he claims caused the injury, defendant will not be ordered to serve on plaintiff a bill of particulars of its defenses of contributory negligence, assumption of risk, and that the injury was caused by the negligence of a fellow servant, since the defense of contributory negligence in its very nature precludes the necessity of particularization, and to require such would require the granting of an order to examine plaintiff before trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–969, 971; Dec. Dig. § 318.*]

Appeal from Special Term, Albany County.

Action by Ovilion Fernet against James Stewart & Co., Incorporated. From an order directing it to serve on plaintiff a bill of particulars as to its defenses (146 N. Y. Supp. 1), defendant appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

R. A. Mansfield Hobbs, of New York City, for appellant.

J. S. Carter, of Cohoes, for respondent.

SMITH, P. J. In the complaint the plaintiff, after having detailed his injuries in the fifth paragraph, alleges:

"Fifth. That said injuries to said plaintiff were caused solely by reason of the wrongful act and acts, carelessness, negligence, and default of defendant, and because of the wrongful act and acts, carelessness, negligence, and default of defendant's superintendent, persons intrusted by defendant with superintendence, employés, agents, and persons intrusted by defendant with authority to direct, control, and command said plaintiff while in defendant's employ, and by reason of the defects in the condition of the ways, work, machinery, or plant upon which plaintiff was employed connected with and used by defendant in its business, and by reason of defendant's wrongful act and acts, carelessness, negligence, and default, and because of the wrongful act and acts, carelessness, negligence, and default of defendant's superintendent, persons intrusted by defendant with superintendence, employés, agents, and persons intrusted by defendant with authority to direct, control, and command said plaintiff while in defendant's employ, in permitting and allowing the bottom of said scow or boat where the said plaintiff was required to work to be and to remain covered with water, and to remain in a slimy and unsafe condition, and by reason of the wrongful act and acts, carelessness, negligence, and default of defendant, and because of the wrongful act and acts, carelessness, negligence, and default of defendant's superintendent, persons intrusted by defendant with superintendence, employés, agents, and persons intrusted by defendant with authority to direct, control, and command said plaintiff while in defendant's employ in not providing sufficient light in the hold of said scow or boat for the work which plaintiff was directed and required to perform, and by reason of defendant's wrongful act and acts, carelessness, negligence, and default, and because of the wrongful act and acts, carelessness, negligence, and default of defendant's superintendent, persons intrusted by defendant with authority to direct, control, and command said plaintiff while in defendant's employ in failing to provide plaintiff with proper and safe ways, works, machinery, or plant to work with while in defendant's employ, and by reason of defendant's wrongful act and acts, carelessness, negligence, and default, and because of the wrongful act and acts, carelessness, negligence, and default of defendant's superintendent, persons intrusted by defendant with superintendence, employés, agents, and persons intrusted by defendant with authority to direct, control, and command plaintiff while in defendant's employ, in ordering and directing said plaintiff to work in the hold of said scow or boat when the floor thereof was covered with three or four inches of water, and was in a slimy and unsafe condition, and by reason of defendant's wrongful act and acts, carelessness, negligence, and default, and because of the wrongful act and acts, carelessness, negligence, and default of defendant's superintendent, persons intrusted by defendant with authority to direct, control, and command said plaintiff while in defendant's employ, in omitting and failing to instruct plaintiff in regard to his work, and to warn and instruct him of the dangers of his employment, and by reason of defendant's wrongful act and acts, carelessness, and negligence, and because of the wrongful act and acts, carelessness, and negligence of defendant's superintendent, persons intrusted by defendant with authority to direct, control, and command plaintiff while in defendant's employ, and intrusted by defendant with the duty of seeing that the ways, works, machinery, or plant were in proper condition, and without any carelessness or negligence on the part of plaintiff."

In the second and third paragraphs of the answer are alleged the matters of which the defendant is required to give particulars, as follows:

"Second. Alleges upon information and belief that any alleged injuries, sustained or suffered by the plaintiff herein at the time or on the occasion referred to 'and alleged in the complaint, were caused, in whole or in part, or were contributed to, by the negligence and want of care of said plaintiff, and not by any negligence or default or want of care on the part of this defendant, and if any negligence or fault or want of care, other than that of the plaintiff, caused, or contributed to cause, such alleged injuries, it was the negligence or fault or want of care of a fellow servant or fellow servants of said plaintiff in the employment of defendant.

"Third. Alleges upon information and belief that any alleged injuries sustained or suffered by the plaintiff herein at the time or on the occasion referred to, and alleged in the complaint, were caused in whole or in part, or arose out of the necessary risks of the plaintiff's occupation or employment, and were inherent in the nature of the business, and were assumed by the plaintiff, and did not arise out of any open or visible defects for which the defendant was or is liable, or had knowledge of."

If in any case the defendant should properly be required to give particulars of such defenses alleged, the plaintiff in this case has forfeited his right thereto by the generality of his allegations of negligence and the multiple charges made, a few of which only can be true. Where a plaintiff alleges specific negligence which fairly gives notice to a defendant of the point in issue, he stands in a better position before the court to demand that the defendant be specific in the allegations of his defense. Where, however, his complaint contains a dragnet allegation of negligence, plaintiff is in no position to ask the enforcement of a rule as against the defendant which he refuses to adopt himself. Before the plaintiff is entitled to know what fellow servants caused the accident, or what risks are claimed to have been assumed, or with what contributory negligence he is charged, he should specify the particular negligence which he claims caused his injury.

Before the amendment of the Labor Act and of the Code requiring contributory negligence to be pleaded and proven as an affirmative defense, the plaintiff was often denied relief because of the impossibility of obtaining proof as to how the accident happened, so as to show that he was guiltless of contributory negligence. It was deemed a harsh rule to put this burden upon the plaintiff, especially in case of an accident resulting in death, and in any case it was deemed that the burden of proof should properly be with the defendant to establish, by a preponderance of the evidence, that the negligence of the party injured contributed to the result. To remedy these apparent inequities it is fair to presume that the change of rule was made by the Legislature, and the law should be so construed as to give to a plaintiff in a negligence action the full benefit which it was apparently contemplated that a plaintiff should have. In practical experience, however, it has been found that well-nigh universally the defense of contributory negligence is found in the evidence which the plaintiff produces of the cause of the injury. To require the defendant to specify the particulars of such a defense would in a large majority of the cases entirely bar the defense, even though facts appeared upon the testimony of the plaintiff himself, showing conclusively that the injury was caused in part by his own fault. If the Legislature had intended to take from a defendant the defense of contributory negligence, they would have so indicated in plain language, and the result would not have been at-

tempted in this roundabout way.   In Robinson v. Ocean Steamship Co. of Savannah, Ga., 147 N. Y. Supp. 310, the plaintiff demurred to an answer alleging that the accident was caused in part by the negligence of the plaintiff.   That demurrer was sustained at the Special Term upon the ground that the specific negligence should be alleged.   The Appellate Division of the First Department unanimously reversed that decision, holding that the general allegation was sufficient to raise the issue.   Scott, J., writing for the court further says:

"Any other rule would result in a great majority of cases like the present, and especially in cases where it is sought to hold defendant under the rule respondeat superior, in depriving defendant altogether of the defense founded on the contributory negligence of the plaintiff.   In such cases the question whether or not the plaintiff was negligent will depend upon the circumstances attending the accident, which are generally unknown to the defendant until developed on the trial.   There is no reason to believe that the Legislature intended to produce such a result.   In our opinion the purpose of the statute will be fully met if it be held that a defendant may plead generally the plaintiff's negligence, thus giving notice of his intentions to rely upon that defense if the facts, as shown upon the trial, shall warrant it.   In addition, the statute has placed upon defendant's shoulders the burden of proof as to plaintiff's negligence, relieving plaintiff from the burden which he formerly bore of proving affirmatively his own freedom from negligence.   This construction of the statute will do justice to both parties to an action like the present without unduly burdening either, and will not operate to deprive defendants in negligence cases of a perfectly legitimate defense."

In Manning v. International Navigation Co., 24 App. Div. 143, 49 N. Y. Supp. 182, Mr. Justice O'Brien says:

"The office of a bill of particulars is to limit the generality of a pleading and to prevent surprise upon the trial, and not to furnish evidence for the opposite party, and in actions for negligence care should be taken not to require particulars which it is impossible to know with any degree of precision, dependent, as the plaintiff must to some extent be, upon his proof, as otherwise they may serve as a source of embarrassment or injustice.   Neither should the plaintiff be compelled to give details which the defendant is more likely to know than the plaintiff be able to furnish."

In Neuwelt v. Consolidated Gas Company, 94 App. Div. 312, 87 N. Y. Supp. 1003, where the defendant was seeking of the plaintiff a bill of particulars in a negligence action, the opinion of the First Department in part reads:

"To cause a party who avers that it has been negligent in this respect in the management and control of its pipes to state wherein it has been negligent is to require a specification of something of which the defendant, its agents and servants, *above all other persons*, should have knowledge."

In American Transfer Co. v. Borgfeldt, 99 App. Div. 470, 91 N. Y. Supp. 209, the opinion in part reads:

"The general rule is that where the information sought is peculiarly within the knowledge of the party seeking it, or he has as much knowledge on that subject as the other party, then a bill of particulars will not be ordered."

It is true that in the Second Department, in the case of Havholm v. Whale Creek Iron Works, 159 App. Div. 578, 144 N. Y. Supp. 833, the defendant was required to furnish a bill of particulars in a similar case.   Upon this case, apparently, the Special Term relied in making the decision here appealed from.   Upon the same day, however, the

First Department handed down a decision in the case of Griffin v. Cunard Steamship Co., reported in 159 App. Div. 454, 144 N. Y. Supp. 517. In that case the First Department unanimously decided that such a bill of particulars should not be ordered. The opinion of Mr. Justice Clarke, writing for an unanimous court, in part reads:

"The plaintiff moved for a bill of particulars, specifying, first, the facts showing what acts the plaintiff committed and which constituted his contributory negligence; second, the facts showing the acts of negligence of the competent fellow servant or fellow servants which contributed to the accident, and from the order granting said motion the defendant appeals. Prior to the trial the defendant should not be compelled to state the particulars required, and thus limit and define its possible defense. Plaintiff knows what he did and is required to prove his cause of action. Until he and his witnesses disclose the facts it would be extremely difficult, if not impossible, for the defendant company to comply with this order. It should not be thus improperly hampered. Upon considerations of sound public policy we have not allowed general examinations before trial in negligence cases. Wood v. Hoffman Co., 121 App. Div. 636 [106 N. Y. Supp. 308]. It seems apparent that if an order should require the defendant to give the particulars of the claimed contributory negligence, the court must be prepared to grant an application for an order for plaintiff's examination before trial, to enable defendant to comply with the order for particulars. We are unwilling to embark on this course of procedure. The defense of contributory negligence in its very nature precludes the necessity for particularization."

The order then appealed from should be reversed for three reasons: First. Because the allegations of plaintiff's complaint are not specific, so as to entitle him to ask greater particularity in the defendant's answer. Second. Because, as stated by Justice Clarke in the Griffin Case, supra, "The defense of contributory negligence in its very nature precludes the necessity for particularization." It is almost universally based upon the evidence produced by the plaintiff. Third. Because to require particularization would require the granting of an order to examine the plaintiff before trial, which is a course of proceeding that the court should not adopt for reasons of public policy.

Order reversed, with $10 costs and disbursements, and motion denied without costs. KELLOGG, J., concurs in result in memorandum, in which LYON, HOWARD, and WOODWARD, JJ., concur.

JOHN M. KELLOGG, J. When the Legislature provided that contributory negligence was a defense to be pleaded and proved, I think it meant it should be pleaded in an issuable form, and the circumstances of each case must determine the particularity to be required. I cannot agree with the second and third reasons assigned for reversal in the prevailing opinion. I think it is always a question resting in the sound discretion of the court how far the defendant is required to give particulars. I agree, however, that the plaintiff, whose complaint is a mass of glittering generalities, is not in a position to require the defendant to be much more specific than he has been. The defendant is not given any substantial information as to what negligence is alleged against him, and the plaintiff has no grievance if the defendant gives him no further particulars. In view of the complaint I think the bill of particulars should have been denied. I, therefore, concur in the result.