Elise Cutrer McCallum, as Executrix, etc., of Duncan McCallum, Deceased, Respondent, v. The Beau-Site Company, Appellant.

First Department, March 9, 1917.

**Pleading — negligence — when plaintiff entitled to bill of particulars as to defense of contributory negligence.**

Where, in an action for the death of the plaintiff's intestate while a guest in the defendant's hotel by being crushed between the floor and shaft of the elevator, the complaint alleges in detail the negligent acts claimed to have caused the death, and the answer pleads contributory negligence as an affirmative defense, and the only person who saw the accident is the defendant's employee, who was in charge of the elevator, the plaintiff is entitled to a bill of particulars as to the alleged contributory negligence of the deceased.

Appeal by the defendant, The Beau-Site Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of December, 1916, granting plaintiff's motion for a bill of particulars.

*Walter L. Glenney*, for the appellant.

*Robert Kelly Prentice*, for the respondent.

First Department, March, 1917. [Vol. 176.

DAVIS, J.:

The action was brought to recover damages for the death of Duncan McCallum, alleged to have been caused by the negligence of the defendant on January 30, 1916. On the day in question the defendant was the proprietor of the Hotel Biltmore in New York city, and the deceased, his mother and sister, were guests occupying rooms at the hotel. While the deceased was a passenger in one of the elevators operated by one of the defendant's servants in the hotel on said 30th of January, 1916, he was crushed between the floor and shaft of the elevator, receiving injuries which resulted in his death on February 3, 1916. The complaint points out in detail the negligent acts claimed to have been the cause of death, all of which are denied by the defendant. The answer sets up as an affirmative defense the contributory negligence of the deceased. Upon the motion of the plaintiff an order was made requiring the defendant to furnish a bill of particulars of its defense of contributory negligence, from which order the defendant has appealed to this court.

It is quite evident that defendant's information as to the alleged contributory negligence of the deceased is derived from its own employee in charge of the elevator at the time of the accident and the only person who saw the occurrence. Under the circumstances of this case, the plaintiff could have no personal knowledge of the negligent acts charged against the deceased. She was in Mississippi when the accident occurred. It is apparent that if the deceased sustained the injuries as the result of his own negligence, the facts are peculiarly within the knowledge of the defendant and its servant, and there can be no sound reason why the plaintiff should not be informed of those facts through a bill of particulars. Otherwise, she would go to trial without any intimation of the details of this defense, and of course without any opportunity to meet it.

The case is distinguishable in principle from the case of *Griffin* v. *Cunard Steamship Co., Ltd.* (159 App. Div. 453), upon which the appellant relies. In that case the injured party survived his injuries, and this court reversed an order directing the service of a bill of particulars as to the claim of

contributory negligence, because it would lead to the granting of examinations before trial in negligence cases, a practice which the court condemned "upon considerations of sound public policy." The court said, Mr. Justice CLARKE writing: "It seems apparent that if an order should require the defendant to give the particulars of the claimed contributory negligence, the court must be prepared to grant an application for an order for plaintiff's examination before trial to enable defendant to comply with the order for particulars. We are unwilling to embark on this course of procedure." In the case at bar, as we have seen, the injured person died as the result of his injuries, the element of an examination before trial is absent, and the facts are solely within the knowledge of defendant. The case just cited does not hold that a bill of particulars of a defense of contributory negligence should be denied in every negligence case. Manifestly, there might be a case where it would work a great injustice to refuse it, and we think the case at bar is quite within that class. In so holding we do not in any respect depart from the course adopted by this court in the *Griffin* case. The case now before us is like that of *Ithaca Trust Co.* v. *Driscoll Brothers & Company* (163 App. Div. 54) where the party injured had died and an order for a bill of particulars of the defense of contributory negligence was affirmed. In the course of the opinion the court said: "Where the injured person is dead, and the injury occurred upon the defendant's works, the plaintiff may well be surprised by the testimony of employees or officers of the defendant, and should properly be informed of the acts which are alleged to constitute the contributory negligence. We are not saying that in every case a bill of particulars must be furnished; it is sufficient to hold that in this case the discretion of the trial court was properly exercised."

The order granting the motion for a bill of particulars is affirmed, with ten dollars costs and disbursements.

SCOTT, SMITH and PAGE, JJ., concurred.

CLARKE, P. J. (concurring):

I have grave doubt as to the propriety of allowing a bill of particulars of plaintiff's or plaintiff's decedent's contributory

negligence in any case.  It seems to me that defendant is entitled to take advantage of the evidence as produced upon the trial and that it might work grave injustice if defendant should be precluded from so doing through having failed to anticipate such evidence and hence omitted to particularize in his bill.  As this court said in the *Griffin* case, "The defense of contributory negligence in its very nature precludes the necessity for particularization."  But rules of practice are not cast iron in their nature and under the peculiar circumstances of this case I am willing to concur in the affirmance.

Order affirmed, with ten dollars costs and disbursements.