ELISE CUTRER MCCALLUM, as Executrix, etc., of DUNCAN MCCALLUM, Deceased, Appellant, *v.* THE BEAU-SITE COMPANY, Respondent.

First Department, March 8, 1918.

Pleading — bill of particulars — failure to furnish further bill — order precluding giving of testimony — discovery to ascertain defense — open commission.

Where, in an action for negligence, the defendant has furnished a bill of particulars as to its defense of contributory negligence in such general terms that it conveys no real information to the plaintiff, and has taken no steps to comply with an order for a further bill of particulars, although its employee is the only living witness of the accident, an order precluding it from offering evidence is proper.

Its claim that it cannot furnish the bill of particulars until it has examined certain witnesses is without merit.

A defendant should not be permitted to take testimony on an open commission, merely to ascertain whether it has a defense.

APPEAL by the plaintiff, Elise Cutrer McCallum, as executrix, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of December, 1917, vacating and setting aside a prior order precluding defendant from offering evidence and opening its default in serving a bill of particulars.

*Robert Kelly Prentice* of counsel [*Prentice, Townsend & Hansl,* attorneys], for the appellant.

*Walter L. Glenney* of counsel [*Bertrand L. Pettigrew,* attorney], for the respondent.

SHEARN, J.:

This is an appeal from an order relieving the defendant from its default in failing to serve a further bill of particulars and extending the time within which to serve such further bill until the return of a commission.

The deceased was killed while in an elevator operated by an employee of the defendant in the Biltmore Hotel. At the time of the accident there was no one in the elevator except the deceased and the employee, and the latter is available to give the defendant complete information as to how the accident happened and how the deceased conducted himself in the elevator at the time of and immediately preceding the accident. The defendant has set up contributory negligence, and on December 12, 1916, by an order thereafter affirmed by this court (176 App. Div. 681), was required to furnish a bill of particulars of its defense of contributory negligence. Thereupon a bill was served, which is in such general terms that it conveys no real information to the plaintiff as to what she will be required to meet. On June 12, 1917, an order was obtained for a further bill and that order was affirmed by this court on October 11, 1917 (180 App. Div. 883). Defendant took no steps to comply with this order, and more than ten days having elapsed, plaintiff, on October 25, 1917, moved for an order of preclusion, which was granted. The defendant made a motion to vacate the order and open defendant's default and at the same time moved for an open commission to take testimony and both motions were granted. The defendant's claim was and is that it cannot furnish the bill of particulars until it has examined the witnesses on the open commission. There is no merit in this claim. The defendant is fully able, with the information available to it from the operator of the elevator, to furnish the precise details of its claims as to the actions of the deceased in the elevator. The defendant evidently hopes to show that the deceased was intoxicated at the time and was in the habit of being intoxi-

cated, but does not wish to make this charge until it has examined these witnesses. But the contributory negligence would not be the intoxication of the deceased; it would consist of the way he conducted himself in the elevator. Furthermore, it would be unwise practice to allow the defendant, in effect, to examine witnesses in order to ascertain whether it has evidence warranting it in interposing a defense, assuming that intoxication would be a defense. A plaintiff is not permitted to examine a defendant in order to see whether he has a cause of action, and a defendant should not be permitted to take testimony merely to ascertain whether it has a defense. No excuse whatever was presented for the default and the order of preclusion was right. When the defendant presents a proper bill of particulars and applies to open its default upon terms, another question will be presented.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SCOTT, SMITH and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.