JAMES F. EGAN, as Administrator, etc., of EMMA H. JEUTTER, Deceased, Respondent, *v.* JULIUS TISHMAN & SONS, INC., Appellant.

First Department, December 23, 1927.

Pleadings — bill of particulars — action for death of plaintiff's intestate who was killed while riding on elevator in defendant's building — plaintiff not entitled to bill of particulars as to defense of contributory negligence.

The plaintiff is not entitled to a bill of particulars from the defendant as to its defense of contributory negligence in this action which was instituted to recover for the death of plaintiff's intestate who was killed while riding on an elevator in defendant's building.

A bill of particulars will not be required, since it appears that the information with reference to the accident is not solely in the possession of the defendant, for the plaintiff's intestate was accompanied at the time of her death by a third person who testified in the Magistrate's Court on the prosecution of the elevator operator, and since it also appears that other witnesses available to the plaintiff have information relating to the accident.

Ordinarily, it may be said that it would be improper to require the defendant both to plead and particularize his allegation of contributory negligence, inasmuch as he is entitled to rely on the evidence of the plaintiff, and to require him to furnish a bill of particulars might deprive him of that right, for he may not be able to anticipate the plaintiff's proof.

APPEAL by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 24th day of August, 1927.

*James M. Baird* of counsel [*Alfred W. Andrews*, attorney], for the appellant.

*Louis Sachs*, for the respondent.

MARTIN, J. The public administrator has brought this action to recover damages for the death of Emma H. Jeutter, alleged to have been caused by the negligence of defendant.

The complaint alleges that the deceased entered the defendant's premises with the intention of transacting business with one of the tenants on the third floor and, as she entered the elevator, notice was given to the operator to stop the car at that floor. The car stopped but, while the deceased was alighting, it started upward and she was struck on the head by the upper casing of the shaft door, being violently thrown to the floor. Her body was jammed between the floor of the elevator and the shaft wall.

The answer denies the acts of negligence, and in accordance with section 265 of the Civil Practice Act and section 131 of the Decedent Estate Law (as added by Laws of 1920, chap. 919) sets up a defense of contributory negligence of the deceased.

A motion having been made, the defendant was ordered to serve a bill of particulars.

The appellant contends that the court erred in directing that the defendant file a bill of particulars of the defense of contributory negligence.

The decisions on the subject in the appellate courts appear to be at variance.

This court has held that if it is shown that information with reference to the accident is solely in the possession of the defendant, he will be compelled to furnish the particulars; but, where knowledge of the facts surrounding the accident is in the possession of the plaintiff, the particulars will not be ordered.

The plaintiff is familiar with all the facts and circumstances surrounding the accident, for the deceased was accompanied by one Floyd Menzel, who testified in the Magistrate's Court, as shown by the affidavit of James M. Baird, read in opposition to the motion: " Deponent further states that elevator · operator was arrested and charged with homicide. That he was arraigned · on the 28th day of January, 1927, before the Honorable Joseph E. Corrigan, at which time testimony was taken concerning the accident. Deponent further states that it appears from a transcript of the minutes that the plaintiff's attorney appeared on said day at the hearing and represented the estate of the deceased. Besides the witness Mr. Menzel, there also testified the Police Officer, Mr. Murphy, Inspector of the Building Department, New York City, and Mr. Rotner, elevator starter at the premises where the accident occurred."

In *Ithaca Trust Co.* v. *Driscoll Bros. & Co.* (163 App. Div. 54) the Third Department, with one judge dissenting, granted a motion for a bill of particulars, and said: " Where the injured person is dead, and the injury occurred upon the defendant's works, the plaintiff may well be surprised by the testimony of employees or

officers of the defendant, and should properly be informed of the acts which are alleged to constitute the contributory negligence. We are not saying that in every case a bill of particulars must be furnished; it is sufficient to hold that in this case the discretion of the trial court was properly exercised."

A very full discussion of this subject will be found in a case in the same Department, the Third, reported in the same volume of the reports (*Fernet* v. *Stewart & Co.*, 163 App. Div. 112), where an order for a bill of particulars was reversed. It was there said: "The order then appealed from should be reversed for three reasons: * * *

"*Second.* Because, as stated by Justice CLARKE in the *Griffin Case* [*Griffin* v. *Cunard S. S. Co.*, 159 App. Div. 453]: 'The defense of contributory negligence in its very nature precludes the necessity for particularization.' It is almost universally based upon the evidence produced by the plaintiff."

In the case of *Griffin* v. *Cunard S. S. Co.* (159 App. Div. 453) the court refused to order the bill of particulars and said: "Upon considerations of sound public policy we have not allowed general examinations before trial in negligence cases. (*Wood* v. *Hoffman Co.*, 121 App. Div. 636.) It seems apparent that if an order should require the defendant to give the particulars of the claimed contributory negligence the court must be prepared to grant an application for an order for plaintiff's examination before trial to enable defendant to comply with the order for particulars. * * * The defense of contributory negligence in its very nature precludes the necessity for particularization."

In *McCallum* v. *Beau-Site Co.* (176 App. Div. 681) there was an affirmance of an order granting a motion for a bill of particulars of contributory negligence. The reason for granting the motion was that no one saw the accident except the employee of the defendant and the plaintiff should not be taken by surprise.

The presiding justice, while concurring in the decision reached, said that he doubted the propriety of allowing a bill of particulars of such a defense; that the defendant was entitled to rely upon the plaintiff's evidence, saying, however, that the case then under consideration was an exception to the rule, and that, therefore, he concurred in the result.

In *Havholm* v. *Whale Creek Iron Works* (159 App. Div. 578), decided by the Second Department, the defendant was required to furnish a bill of particulars. This case was considered in *Fernet* v. *Stewart & Co.* (163 App. Div. 112), which, it was said, was a similar case, but the court unanimously held that an order granting a bill of particulars should be reversed.

Ordinarily it may be said that it would be improper to require defendant to both plead and particularize his allegation of contributory negligence inasmuch as he is entitled to rely on plaintiff's evidence. The effect might often be to deprive him of that right; for he may not be able to anticipate plaintiff's proof.

The courts have granted the motion in several instances solely because the plaintiff was without knowledge of the facts. This does not appear to be true in the case now before the court.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.