INA ADELAIDE CONKLIN, as Administratrix, etc., Plaintiff, *v.* ERIE RAILROAD COMPANY, Defendant.

Supreme Court, Rockland County, July 17, 1930.

*Engle & Teale* [*Alton W. Teale* of counsel], for the plaintiff.

*Watts, Oakes & Bright* [*Elbert N. Oakes* of counsel], for the defendant.

WITSCHIEF, J. The plaintiff administratrix has shown by her affidavit that she has no personal knowledge of the facts concerning the accident which caused the death of her husband, and seeks

a bill of particulars as to the defendant's allegation of contributory negligence.

The Appellate Divisions of the several departments appear to be in disagreement as to the propriety of an order requiring a defendant to particularize a defense of contributory negligence.

In this, the Second Department, it has been held proper to order a bill of particulars of such a defense when the burden of proving the defense rests on the defendant, as it does in this case. (*Havholm* v. *Whale Creek Iron Works*, 159 App. Div. 578.)

In the First Department it has been held that ordinarily it is improper to require defendant to particularize his allegation of contributory negligence (*Egan* v. *Tishman & Sons, Inc.*, 222 App. Div. 141), although in the latter case cited the court says that its opinion is that where knowledge of the facts surrounding the accident is in possession of the plaintiff, particulars will not be ordered.

In view of the plaintiff's positive denial of any knowledge of the facts surrounding the accident in this case, it is concluded that the defendant should supply the particulars as to the defense of contributory negligence so far as such particulars are known to it, but without prejudice to its right to rely upon such additional facts establishing the contributory negligence of deceased as may appear from the plaintiff's proof on the trial.