ESSEX COUNTY COURT OF COMMON PLEAS.

ANNA WIGLER, PLAINTIFF, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT COMPANY, DEFENDANT.

Decided October 6, 1932.

For the defendant, *Henry H. Fryling* and *Carl T. Freggens.*

For the plaintiff, *Robert Dranow.*

FLANNAGAN, C. P. J. This is an action to recover for personal injuries received in an automobile accident. The answer sets up contributory negligence by way of new matter and as a separate defense.

A bill of particulars is demanded of the alleged contributory negligence. This the defendant resists and moves to strike out the demand.

The first ground specified in the notice of motion to strike is that particulars cannot be ordered after answer filed. This objection is not well taken, and is expressly abandoned. Particulars may be ordered in a tort case at any stage.

In *Abe Cantor* v. *Public Service Railway Co., post, p.* 1285, Mr. Justice Katzenbach says:

"The defendant in this case moves for an order requiring

the plaintiff to furnish answers to certain questions which considered together may be said to form a demand for a bill of particulars. * * *

"The plaintiff resists the motion on the following grounds —first, that a bill of particulars cannot be demanded in a tort action; second, that a bill of particulars cannot be demanded after an answer has been filed; and third, that the information asked for obliges the plaintiff to disclose matters of evidence to which the defendant is not entitled.

"In the case of *Watkins* v. *Cope,* 84 *N. J. L.* 143; 86 *Atl. Rep.* 545, Mr. Justice Parker said: 'It is true that section 102 of the Practice act of 1903 provides only for a demand of particulars in contract cases, but I do not understand that this in any way abrogated the common law practice of directing a bill of particulars to be furnished by either party in a proper case whether of contract or tort. Section 102 was repealed by the act of 1912, but rule 18, appended to the latter act says that "bills of particulars may be ordered as heretofore." The rule at common law was well settled that in a proper case particulars would be ordered in all classes of legal actions and the rule is broadly laid down in the famous case of *Tilton* v. *Beecher,* 59 *N. Y.* 176, with abundant citation of authority, that a bill of particulars is proper in all classes of actions where the circumstances are such that a party has to be apprised of the matters to which he is to be put on trial with greater particularity than is required by the rules of pleading.' This disposes of the question that in tort actions the court has no power to order a party to furnish a bill of particulars.

"In Zitarski *v.* Hahne Company, decided in this court December 27th, 1913, the Chief Justice ordered that a bill of partciulars be furnished to the defendant after he had answered the plaintiff's complaint, hence, a bill of particulars may be ordered to be furnished even after issue has been joined.

"The fact that this case is a tort action and that issue has been joined by the filing of an answer is no bar to the

authority of the court to order a bill of particulars to be furnished the defendant by the plaintiff. The exercise of this power on the part of the court is discretionary and should only be exercised where the court is satisfied that justice to the demanding party requires the furnishing of the information sought. To hold otherwise would be to countenance a practice that would be harassing and vexatious and would, in many instances, prolong trials in matters relatively unimportant to the issue. Whether a demand for a bill of particulars should be ordered depends upon the circumstances of each case."

In *Buerman* v. *Morris,* 8 *N. J. Mis. R.* 811; 152 *Atl. Rep.* 341, a tort case, Mr. Justice Bodine, in granting certain of the particulars asked for by the defendant after answer filed, says:

"It would, therefore, seem that courts were little concerned as to when the demand for particulars was made, providing that it was made so as not to delay the trial of the action."

The second objection is that particulars should not be ordered in these present circumstances.

Where the injured party is a natural living person suing for his personal injuries received in an automobile accident the contributory negligence, if any, is peculiarly within his own knowledge. The effect of a bill of particulars being to confine the defendant to the facts contained in the bill, it would be unfair to limit the defendant to such acts of contributory negligence as it might be able to develop before trial when experience teaches that contributory negligence is often revealed on plaintiff's own cross-examination as well as on cross-examination of plaintiff's witnesses. Such practice would put defendant at the peril of discovering and advising plaintiff of what plaintiff himself is best qualified to know and might enable plaintiff to successfully suppress a complete defense well known to him though as yet undiscovered by defendant. For these reasons bills of particulars of contributory negligence in actions by living injured persons for their personal injuries in automobile accidents should be ordered with great circumspection.

Where the injured person is dead and the suit is by his representative, the plaintiff's knowledge, and sources of knowledge, of the conduct of his decedent might be very limited while those of the defendant might be greatly superior or even exclusive. In such a case a different situation might be presented.

Bills of particulars have perhaps been more extensively considered by the courts of New York than by those of any other jurisdiction.

The following cases are interesting and enlightening on the subject before us: *Egan* v. *Julius Tishman & Sons,* 225 *N. Y. Supp.* 631; 222 *App. Div.* 141; *Fernet* v. *James Stewart & Co.,* 148 *N. Y. Supp.* 646; 163 *App. Div.* 112; *McCullum* v. *Beau-Site Co.,* 163 *N. Y. Supp.* 819; 176 *App. Div.* 681; *Conklin* v. *Erie Railroad,* 244 *N. Y. Supp.* 538.

These cases are persuasive that the present case, where the plaintiff was a passenger in a public bus, is not a proper one for the remedy invoked

No rule can be found with which to measure the propriety of granting bills of particulars. Each case must stand by itself and, on its own individual merits, must appeal to the discretion of the court.

In the present case the motion to strike the demand for particulars will be granted.