JOHN R. DITMARS, PLAINTIFF, v. INTERCHEMICAL COR-
PORATION ET AL., DEFENDANTS.

Decided February 14, 1938.

For the plaintiff, *McCarter & English.*

For the defendants, *Pitney, Hardin & Skinner.*

SMITH, JOSEPH L., C. C. J.  This is on a motion for bill
of particulars demanded by the plaintiff concerning the
answers set up by the defendants.

The suit against the defendant Chambon Corporation
sounds in contract, and the suit against the defendant Inter-
chemical Corporation sounds in tort.

As appears from argument of counsel, both defendants
have set up similar defenses, namely: (a) that the plaintiff
canceled and terminated the agreement upon which suit is
brought.  (b) That the plaintiff waived the provisions of a
certain paragraph of the memorandum of agreement upon
which suit is brought, and (c) that the defendants attempted
in good faith to perform the contract, but that they were
prevented from completing the performance of the contract,
"by difficulties and circumstances beyond their control."

The demand for the bill of particulars is directed to these
three defenses.  As to "a," whether or not the cancellation
and termination was in writing, and if in writing, to furnish
a copy; and if not in writing, to whom the said cancellation
was made, where and when, and who were present.

As to "b" whether the actions of plaintiff alleged to constitute a waiver were in writing, and if so, to furnish a copy, and if not in writing, plaintiff demands to know what such acts consisted of, when made, to whom directed, where made and who were present when such acts were done.

It is argued on behalf of the defendants, that the plaintiff is not entitled to demand a bill of particulars of the defendants' answer and separate defenses in an action at law either upon contract or in tort. It was stated in *Watkins* v. *Cope,* 84 *N. J. L.* 143; 186 *Atl. Rep.* 545:

"It is true that section 102 of the Practice act of 1903 provides only for a demand of particulars in contract cases; but I do not understand that this in any way abrogated the common law practice of directing a bill of particulars to be furnished by *either party* in a proper case, whether of contract or tort." (Italics mine.)

To the same effect is *Dwight* v. *Germania Life Insurance Co.,* 84 *N. Y.* 493, in which it is stated:

"* * * Nor is this power confined to an exercise of it in behalf of the defendant in an action. In favor of the plaintiff, as well, the court may order the defendant to give the particulars of the facts which he expects to prove. Thus, on a plea of fraud and consequent repudiation by the defendant, he has been compelled to give particulars of the acts of fraud and repudiation."

The defendants rely on the case of *Wigler* v. *Public Service Co-ordinated Transport,* 10 *N. J. Mis. R.* 1077; 162 *Atl. Rep.* 878, in which case a demand for particulars of contributory negligence alleged by the defendant was not granted. The reason for the ruling in that case, however, was not the position of the parties as plaintiff or defendant, but because the defense of contributory negligence would be a conclusion that may be based upon facts adduced by the plaintiff's own case, and not within the knowledge of the defendant. That case is in line with the general principle that a demand for bill of particulars will be refused where the facts are equally or exclusively within the knowledge of the demanding party.

Applying the last stated rule to the demands in the present case, it appears that the facts constituting the cancellation or termination by the plaintiff are equally within the knowledge of the plaintiff. As stated in *American Transfer Co.* v. *George Borgfeldt,* 91 *N. Y. S.* 209, concerning particulars demanded by defendant of a fraud alleged by the plaintiff, in his complaint.

"If the defendant procured the execution of the contract by fraud, it knows that fact just as well as the plaintiff does. The general rule is that where the information sought is peculiarly within the knowledge of the party seeking it, or he has as much knowledge on that subject as the other party, then the bill of particulars will not be ordered."

The same principle will apply to the demand for particulars of the alleged waiver, because plaintiff, in the preparation of his case, is in the same position as the defendant with respect to the knowledge of facts constituting such waiver. However, obtaining detailed information concerning opponents' claim not given in the pleadings in order to prepare the answering pleading, is not the sole function of a demand for bill of particulars; it is also to apprise the demanding party of what his opponent will prove at the trial so that the demanding party can be prepared to combat the proof. *Billy* v. *Tatursky,* 11 *N. J. Mis. R.* 184; 165 *Atl. Rep.* 413.

With respect to the demands referred to under "a" and "b," the said demands are objectionable in so far as they ask for the names of witnesses present, which is an attempt to seek the disclosure of the evidence of the defendant. Therefore demands 1 and 2 will be allowed, except in so far as they call for names of witnesses present.

As to the *bona fide* failure of the defendant to complete the contract, by reason of difficulties and circumstances beyond its control, being demand number of 15, such facts being peculiarly within the knowledge of the defendants, the demand for particulars is proper.

An order will be entered accordingly.