HUDSON COUNTY COURT OF COMMON PLEAS.

JESSIE GIACUMBO AND FRANK GIACUMBO, PLAINTIFFS,
v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DE-
FENDANT.

Decided April 8, 1948.

For the plaintiffs, *Andrew O. Wittreich.*

·  For the defendant, *Carl T. Freggens* (by *Herman H.
Wille, Jr.*).

DREWEN, C. P. J.  Defendant moves to strike a demand
made upon it for the particulars of its pleaded defenses of
sole negligence and contributory negligence.  The suit is one
for injuries alleged to have been sustained by the female
plaintiff while a passenger in defendant's bus.  The demand
is for the particulars of the passenger's behavior constituting
the grounds of the defenses mentioned.  Defendant contends
that the demand is improper, for reasons that will appear.

Plaintiff's attorney approaches the problem with much in-
dignation that in a case of this kind, where injuries are
alleged by a passenger against a common carrier, such de-
fenses should be resorted to, and he urges that since they
have been resorted to there is nothing for it but to correct

the enormity by requiring that the details be revealed in advance of trial. For answer to this it need only be observed that in a case like that before us it is certainly not usual for a defense like either of those adduced to prevail, but that at the same time there is no reason in law for regarding the defenses as outside the scope of permissible pleading nor for assuming that they cannot be supported by provable facts. On defendant's part, it is urged, in effect, that it has a right to these defenses, if only as matter of caution, and to rely for their establishment upon the fortuities of proof at the trial; that the restricting of the defenses by particulars now might deprive it of the benefit of such proof; and that in any case the details demanded are peculiarly within plaintiffs' own knowledge.

The theory and purpose of pretrial inquest, in whatever form, is the compelling of factual truth in the controversy, short of invading the private, separate counsels of the parties. Hence the well-recognized rule that one may exact disclosure of what is needful to the proof of his own case but may not pry into that of his adversary. Concerning the plaintiffs' demand before us, it is the court's view that it does not seek what is needful to the proof of plaintiffs' case, that its en-forcement would not serve to elicit any truth that plaintiffs do not already know, and might result in the harmful suppression of truth as developed in the course of the trial.

We think this view can be readily justified. Where does the truth-seeking test, applied in conformity with the theory and purpose of pre-trial inquiry already stated, lead us in the present circumstances? Let us assume that the defenses in question are entirely cautionary, and that the defendant, were the demand sustained, would have to admit that it is aware of no particulars, or that, in the same contingency, it would be driven to the device of being extremely imaginative in anticipating all possible developments in the proof as well as every possible variety of negligence on the part of the passenger, and of citing all of these as a compliance with the demand. Difficulties appear at once. Were defendant compelled to admit that it has no particulars and thus, in effect, that its defenses are without presently known substance in

fact, would it follow, as matter of rational necessity or of that common sense of which the law is said to be compounded, that plaintiffs should have the right to suppress these defenses altogether? If not, then, in the event these are cautionary defenses, plaintiffs would gain nothing from their demand. If, on the other hand, the defenses, in the juncture indicated, could be suppressed, would there be any reason for denying a similar right to suppress in similar circumstances in any and every other suit grounded in negligence? And would the logic of the latter course suggest the abolition of cautionary defenses generally? It appears quite plain that a denial of this motion would carry implications well beyond the immediate concern. Furthermore, a particularization of the defenses could readily so restrict them as to foreclose a defendant from the advantage of unforeseen proof at the trial, a result that could have the evil effect of excluding the truth *pro tanto* as an influence in the final outcome. As against these consequences of denying the motion, the granting of it would do no more than deprive plaintiffs of the disclosure of that which they must already know, for it goes without saying that the defenses could never be materialized except by proof of what the female plaintiff herself did.

Upon a contrasting of the opposing contingencies we have no doubt that the paramount design of pretrial inquiry would be much better served by granting the motion than by denying it.

The foregoing is in keeping with the judicial pronouncements on the subject in this state. While these are all trial court decisions, they are in full accord, and are also in agreement with the decisions of the courts of New York. *Wigler* v. *Public Service Transport Co.,* 10 *N. J. Mis. R.* 1077; 162 *Atl. Rep.* 878; *Ditmars* v. *Interchemical Corp.,* 16 *N. J. Mis. R.* 81; 197 *Atl. Rep.* 257; *Young* v. *Public Service Interstate Trans.* (*Bergen Circuit Court,* not reported); *Egan* v. *Tishman & Sons,* 222 *App. Div.* 141; 225 *N. Y. S.* 631; *Fernet* v. *James Stewart & Co.,* 163 *App. Div.* 112; 148 *N. Y. S.* 646; *McCallum* v. *Beau-site Co.,* 176 *App. Div.* 681; 163 *N. Y. S.* 819; *Conklin* v. *Erie Railroad,* 137 *N. Y. Misc.* 569; 244 *N. Y. Supp.* 538; *Griffin* v. *Cunard S. S.*

*Co.,* 159 *App. Div.* 453; 144 *N. Y. Supp.* 517; *Bowker* v. *Donnell,* 226 *Fed. Rep.* 359. We are aware of no dissent from the principles enunciated.

The few instances in which the demand has been sustained for particulars or for answers to interrogatories, as the case happened to be, in relation to the defense of contributory negligence, are cases affected by some outstanding and unusual factor, and in which the ruling serves to emphasize the reasons why, in an ordinary case like that before us, the demand should be overruled. *Rosseter* v. *Farrier,* 18 *N. J. Mis. R.* 355; 13 *Atl. Rep.* (*2d*) 579; *Cohen* v. *North Jersey State Railway Co.,* 29 *N. J. L. J.* 299; *McCallum* v. *Beau-site Co., supra; Conklin* v. *Erie Railroad, supra.*

The motion to strike is granted.