### HOWLAND v. BRADLEY CONTRACTING CO.

(Supreme Court, Appellate Term, First Department. November 10, 1915.)

PLEADING ☞317—BILL OF PARTICULARS—NEGLIGENT INJURY TO PROPERTY.

    Upon a complaint in an action for damage to his house, alleging that defendant, a subway contractor, in making excavations by means of explosives in and under L. avenue, "near and in the vicinity of the center line of East Seventy-Ninth street and the premises belonging to plaintiff," negligently and "repeatedly used such heavy charges of explosives that windows were broken," etc., defendant was entitled to a bill of particulars showing the specific location of the acts charged and the specific character of the acts of alleged negligence, but not to a statement showing the method which plaintiff claimed the defendant used and the methods plaintiff claimed defendant should have used.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. ☞317.]

Appeal from City Court of New York, Special Term.

Action by Charles P. Howland against the Bradley Contracting Company. From an order requiring him to furnish a bill of particulars, plaintiff appeals. Modified and affirmed.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Murray, Prentice & Howland, of New York City (George A. Gordon, of New York City, of counsel), for appellant.

Frederick L. C. Keating, of New York City (George J. Stacy, of New York City, of counsel), for respondent.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BIJUR, J. Plaintiff, owner of a house near the intersection of Seventy-Ninth street and Lexington avenue, sues defendant, a contractor engaged in the construction of the subway along Lexington avenue. He alleges that his house was damaged by reason of the subway construction, and pleads the contractor's agreement with the city under which the defendant is said to covenant unconditionally to make good such damages. The complaint then proceeds to allege that:

" * * * In making excavations by means of explosives in, under, through, and upon said Lexington avenue, near and in the vicinity of the center line of east Seventy-Ninth street and the premises belonging to the plaintiff, * * * the defendant carelessly and negligently repeatedly used such heavy charges or blasts of explosives that windows were broken," etc.

The particulars demanded, apart from specification of damages, which the defendant is willing to or has already served, require plaintiff to furnish:

(1) "A statement of the specific location" of the acts charged; "(2) a statement of the specific acts of alleged carelessness and negligence which plaintiff claims on the part of the defendant, and wherein plaintiff claims the defendant repeatedly used heavy charges or blasts of explosives in connection with its work, and what such charges or blasts plaintiff claims the defendant should have used, as alleged in paragraph IX of the complaint herein;" and (5) "a statement showing what methods plaintiff claims the defendant used in prosecuting its work * * * and what method plaintiff claims defendant should have used."

It appears to me that the difficulty in this case arises from the use on both sides of loose and inexact expressions. The complaint is evidently framed upon the theory that defendant is liable both unconditionally upon the contract and for negligently prosecuting its work. Substantially I assume that it has thus set forth two counts or theories under which, upon the facts alleged, defendant is liable. The count in negligence, however, is, as it reads, without legal effect. The allegation that defendant "used *such* heavy charges that windows were broken" is not an allegation that they were unnecessarily, unduly, or negligently heavy. Defendant has apparently, however, elected to treat the allegation as sufficient, and under the circumstances is, I think, entitled to have a specification of plaintiff's claim of the precise negligence charged against it. This amounts to no more than requiring plaintiff to state a cause of action in respect of the alleged negligence. The phrase in the demand for the bill of particulars, "and wherein plaintiff claims defendant repeatedly used heavy charges .or blasts of explosives," I cannot understand. In regard to the specific location where the alleged negligent acts were performed, had plaintiff contented himself with alleging that the work was being prosecuted on Lexington avenue, near the center line of East Seventy-Ninth street, it might reasonably be inferred that the blasts had been set off at that location; but plaintiff, having added, after the words "Seventy-Ninth street," "and the premises belonging to plaintiff," which in another part of the complaint are alleged to be situated on the north side of Seventy-Eighth street, 30 feet west of Lexington avenue, I think that defendant is entitled to know what plaintiff means.

The order will therefore be modified, by confining No. 2 to a state-

ment of the specific character of the acts of alleged negligence which plaintiff claims on the part of the defendant, and by eliminating No. 5 entirely, since it is not the duty of the plaintiff to demonstrate the "methods" used by the defendant, nor to advise defendant as to methods which plaintiff thinks should have been used, and, as modified, affirmed, without costs or disbursements to either party. Settle order on notice. All concur.