| State of Rhode Island | |
| :-- | :-- |
| vs. | Indictment |
| George W. McVay | No. 13147 |
| John A. Grant and | |
| George J. Kelley | |

April 19, 1926

HAHN, J. Heard on defendants' motion for a bill of particulars asking for various particulars under each of the four counts of the indictment and a request for general particulars applying to all of the counts.

Said motion is granted, allowed in whole or in part, or disallowed, as follows: Requests 5 and 6 under the first count, 1 and 8 under the second count, 3, 4 and 6 under the third count, and 6 under the fourth count are allowed.

Requests number 2 under the first, third and fourth counts and request number 4 under the second count are similar, and ask that the State specify in what matters reasonable diligence was not exercised and when and where; also when, where and how the accessory aided the principals in this particular. The State shall give with reasonable certainty the information so asked.

Requests number 1 under the first, third and fourth counts and number 3 under the second count are alike. As the duties of their official position should be better known to the defendants than to the State, and as it seems quite probable that many of the duties overlap or combine more or less one with another, so that any separation of them would be difficult, if not impossible, these requests are refused.

Request number 3 under the first count asks that the State specify whether the principals created, caused, permitted or allowed to be created the alleged quantity of steam, whether all of these acts are claimed to have been done, or which ones, etc. In a general sense the charge alleges one general act, rather than so many distinct and individual ones, and seems sufficiently definite for a joint indictment without further particularization. Any such exact restriction of it as defendants ask can hardly be allowed without unduly hampering the prosecution, and the request is accordingly refused.

Request number 4 under the first count is allowed so far as where and when or time and place is asked, but refused as to by what method or in what manner the acts charged were done.

State v. Golini, 6 R. I. Rescripts 1243.

Howland v. Bradley, etc. 155 N. Y. Supp. 510, 512.

Requests number 7 under all counts ask from what part of the boiler, drum or other apparatus the steam, etc., escaped; and requests 3, 4 and 5 under the fourth count ask for information as to the particular piece or part of apparatus defective or known to be defective, etc. It is believed that such requests are usually refused (see cases following), and in view of the granting of requests number 5 and 6 under the first count, as well as the further fact that the information should be as well or better known to the defendants than to the State, the requests are refused.

"It has repeatedly been held that a party will not be obliged to furnish facts already known to his adversary."

Sullivan v. Waterman, 21 R. I. 72, 74.

See also Neuwelt v. Consol. Gas Co., 94 App. Div. 312, 313, 314. Manning v. International Nav. Co., 24 App. Div. 143, 145.

Request number 2 under the second count is evidently a question as to the safe boiler pressure permissible, etc. As this pressure is undoubtedly largely a matter of opinion, to be disclosed by the evidence, taking into consideration all the particulars, the condition of the boiler and associated apparatus at the time, etc., and since it involves technical information as well or better known to defendants than to the State, it seems proper to refuse this request. See authorities supra.

Requests number 5 under the second and third counts are granted as to when and where, but not as to by what method or manner the regulation of the steam was neglected or the apparatus allowed to become worn, nor in what manner the accessory here aided, etc.

See State v. Golini and Howland v. Bradley, supra.

Request number 6 under the second count is refused, the additional information asked being but little, if any, different from that just allowed, under number 5 in the same count.

The information asked for in requests number 8 under the first, third and fourth counts, and in number 9 under the second count, which concerns the question of where, when and in what manner the accessory aided the general act of the alleged manslaughter, shall be given, but the State need not specify the exact time, place or manner, except in a gen-

eral way as sustaining the allegation and putting the defendant fairly upon notice of his acts in general—the details of which are best known to himself.

"It need not specify exact dates, nor with absolute precision such other circumstances as might hamper the Commonwealth in presenting its case; nor should it be so loose as to constitute a dragnet, in which forgotten, unsuspected acts might be brought to the surface, surprising the accused, and operating as a practical matter as unjustly as the most indefinite charge could. The accused should be put fairly upon notice, the Commonwealth should have reasonable latitude."

Bailey vs. Commonwealth, 130 Ky. 301, 307.

As to the general request under all counts, that the State say whether the duties violated were the same in the case of each defendant, or whether they differed, and if so in what respect, the State shall answer whether the duties were alike or different but need not say how they differed. The defendants are doubtless better informed regarding their respective duties than the State is, especially at the time and place and under all the circumstances involved, and to grant the request in full would no doubt hamper the State rather than enlighten the defendants. The State at best can only know the general duties belonging to the official positions involved, or the usual duties assigned such positions in general.

"A party must not be sent to trial without knowledge of the accusation against him. He must be subjected to no surprise. But while this rule obtains in the administration of justice, another consideration of equal importance is that the court will make no order which will shield the defendant from just responsibility. If the information sought is in the possession of the party asking it, then it will be plain that the application is stimu-lated by some motive other than a desire for specific details; and if it appears in addition that the parties from whom further particulars are asked are not in a situation to answer the demand and do not possess the facts, then, indeed, is presented a a plain case for a refusal of the order."

Sullivan v. Waterman, 21 R. I. 72, 74, 75.

The above decision shall apply to the bills of particulars filed in Indictments Nos. 13148 and 13149 as stipulated by the parties.

For State: Charles P. Sisson and Oscar L. Heltzen.

For Defendants: John J. Fitzgerald, Fitzgerald & Higgins, George H. Hurley and William H. Camfield.