KAEMPFER *v.* GORMAN, Sheriff.

*(Supreme Court, General Term, First Department. February 18, 1892.)*

DEPOSITIONS—OPEN COMMISSION.

An open commission will not be granted simply because the witnesses proposed to be examined are hostile to the moving party.

Appeal from special term, New York county.

Action by Adolph Kaempfer against John J. Gorman, as sheriff, etc., for conversion. Defendant appeals from part of an order denying a motion for an open commission. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

*W. E. Stillings,* (*Abraham L. Jacobs,* of counsel,) for appellant. *Benno Loewy,* for respondent.

VAN BRUNT, P. J. It is apparent that an open commission should not be granted except under exceedingly peculiar circumstances, because, by such a commission, frequently, the place of trial is virtually transferred to a foreign jurisdiction. The papers in this case present no special reasons for the granting of such extraordinary relief, except the fact that the witnesses proposed to be examined are hostile to the defendant, and that, therefore, it is necessary to examine them orally. Where a party is called upon to justify against a trespass committed within this state, we do not think that the plaintiff should be required to attend by counsel the taking of testimony in another state, and that the ordinary means of taking the testimony of witnesses should be resorted to, and not an open commission. The case of *Parker* v. *Lythgoe,* (Sup.) 13 N. Y. Supp. 949, is cited as an authority to support the application in question. Upon an examination of that case, it will be seen that it is no authority whatever for the contention of the defendant. It is simply in harmony with the cases of *Clayton* v. *Yarrington,* 16 Abb. Pr. 263, and *Ander-*

*son* v. *West,* 9 Abb. Pr. (N. S.) 209.   In the case of *Parker* v. *Lythgoe*, a commission had been ordered, and an appeal taken from the order granting the commission.   The court was of opinion that the commission should issue; but they gave the right to the opposite party, if they desired, to have an open commission, in order that they might produce such witnesses as they chose, and examine them orally.   If they did not desire an open commission, they were under no necessity to accept it; and, if the respondents did not desire that the defendant should have this privilege, then the appellants could not get it, unless they persisted in their motion for a commission.   In the other cases cited, leave was given to cross-examine witnesses orally where a commission had been issued, and that was all.   It will thus be seen that the question as to the oral examination of witnesses has in all cases depended upon the desire of the party moved against; and this court, at least, has not ordered any such commission simply because it was more convenient, and considered desirable by the party moving.   The order should be affirmed, with $10 costs and disbursements.   All concur.