CHARLES P. HEMENWAY and Another, Respondents, *v.* MORRIS F. KNUDSON and Others, Appellants.

*Commission to examine witnesses on written interrogatories — commissioners and witnesses must be named therein.*

By force of section 887 of the Code of Civil Procedure the authority of the court to direct the issuance of commissions to take testimony out of the State of New York upon written interrogatories is limited to commissions in which the commissioners and witnesses are named.

This section of the Code is not open to a construction which will permit witnesses to be examined though not named in the commission, provided the application for the commission shows that their names are unknown and could not by reasonable diligence be ascertained, and identifies them in a proper manner.

The court has no authority to direct the issuance of such a commission "to the officer exercising the functions of United States consul" at a certain place, without naming him.

APPEAL by the defendants, Morris F. Knudson and others, from so much of an order of the Supreme Court, made by the New York Special Term and entered in the office of the clerk of the city and county of New York on the 24th day of May, 1893, " as directs that the plaintiffs have leave to return the commission heretofore issued herein to Valparaiso, Chili, and partly executed, to the officer exercising the functions of United States consul at Valparaiso, Chili, without naming such officer; from so much of said order as directs that a commission issue to the officer exercising the functions of United States consul at Iquique, Chili, without naming such officer; from so much of said order as directs that a commission issue to examine unnamed representatives of the firm of James Inglis & Company, and to examine John Doe, Richard Roe and Thomas Smith, fictitious names used to designate witnesses whose true names are not stated."

*G. A. Black*, for the appellants.

*J. S. Melcher*, for the respondents.

VAN BRUNT, P. J.:

The order in this case provided : *First*, for the return to Corvis M. Barry, United States consul at Valparaiso, Chili, or to the officer exercising the functions of consul at that place, of a commission which had been theretofore partly executed ; *second*, for the issuing of a commission directed to J. V. Merriam, United States consul at Iquique, Chili, or to the officer exercising the functions of consul at that place, as commissioner to examine on oath upon written interrogatories to be annexed thereto, T. F. Edmundson of Caleta Buena, Chili, or such other representative of the firm of James Inglis & Co., whatever his name, etc., and of John Doe as a witness to certain facts; and also Richard Roe and Thomas Smith as witnesses to certain other facts, all of whose names were unknown to the plaintiffs. The defendants appealed from this order upon the ground that the commissioners are not named, and that the commission to Iquique is to examine certain witnesses whose true names are not given.

It is urged that the statute in regard to commissions should have a reasonable construction, and that witnesses may be examined,

though not named, provided the application shows that their names are unknown and could not by reasonable diligence be ascertained, and identifies them in a proper manner. And it is claimed by the respondent that certain authorities support this proposition.

But as the authority of the court to award a commission depends solely upon the statute, it is beyond the power of the court to interpolate into the statute that which has been carefully excluded.

By section 887 of the Code it is provided when a commission may issue. The language of the section is as follows: "A commission may be issued to one or more competent persons *named therein* authorizing them or any one of them to examine the witness or witnesses *named therein* under oath, upon the interrogatories annexed to the commission."

This language is too plain for construction. The commissioners must be named and the witnesses must be named, if the commission is to be upon written interrogatories as in the case at bar.

It follows, therefore, that these mythical commissioners and mythical witnesses cannot have authority conferred upon them either to act or to testify by the order of the court appealed from.

The order should be reversed in the respects appealed from, with ten dollars costs and disbursements.

FOLLETT and PARKER, JJ., concurred.

Order reversed in the respects appealed from, with ten dollars costs and disbursements.