(117 App. Div. 816)

J. J. SPURR & SONS, Inc., v. EMPIRE STATE SURETY CO. et. al.

(Supreme Court, Appellate Division, Second Department.   March 8, 1907.)

DEPOSITIONS—COMMISSIONS TO TAKE TESTIMONY—ORDER.

  Under Code Civ. Proc. § 887, authorizing the issuance of a commission to take testimony to competent persons named therein, an order providing that the commission issue to examine witnesses upon interrogatories which named no person therein as commissioner was defective.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, §§ 53–64.]

Appeal from Special Term, Kings County.

Action by J. J. Spurr & Sons, Incorporated, against the Empire State Surety Company and another. From an order denying plaintiff's motion to vacate an order for a commission to examine witnesses, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and GAYNOR, JJ.

Charles T. Terry (William R. Conklin, on the brief), for appellant.

Ferd. W. Buermeyer, for respondent.

RICH, J.   This appeal is from an order of the Special Term denying plaintiff's motion to vacate an order for a commission to examine witnesses in the state of New Jersey upon interrogatories. The original order was defective, and the learned justice at Special Term sought to remedy the defect by an order providing that a commission issue in which no person was named as commissioner.

Authority to take the testimony of a witness upon interrogatories is found in section 887 of the Code of Civil Procedure. That section provides that the person to whom it is issued shall be named therein. Because of the failure to do this, the order from which the appeal is

taken is clearly defective. Hemenway v. Knudson, 73 Hun, 227, 25 N. Y. Supp. 1018.

The order must therefore be reversed, with $10 costs and disbursements, and plaintiff's motion to vacate and set aside the order for a commission granted. All concur.