ANDREW C. GELDERMAN, Plaintiff, *v.* STOOMVAART MAATSCHAPPY NEDERLAND and FUNCH EDYE & Co., INC., Defendants.

Supreme Court, Kings Special Term, May 8, 1924.

**Depositions — provisions of Civil Practice Act liberally construed — commission upon written interrogatories to United States vice-consul in Java granted under Civil Practice Act, § 288, where persons to be examined are described but not named.**

The requirements for the examination of parties or witnesses before trial under the Civil Practice Act were intended to be less incumbered with obstructions to access to the facts of a controversy than were the provisions under the Code of Civil Procedure. The Civil Practice Act should be liberally construed in furtherance of justice and consistent with due regard to the rights of adverse parties with a minimum of restriction upon the taking of the testimony of any competent witness.

Accordingly, a commission upon written interrogatories under section 288 of the Civil Practice Act should issue to a United States vice-consul in Java where the identity of the individual sought to be examined is given in detail though the names given are fictitious and where the application could have been granted on an open commission under the Code of Civil Procedure.

MOTION by defendant for the issuance of a commission upon written interrogatories.

*Neil P. Cullom (James E. Freehill,* of counsel), for the plaintiff.

*Slayton & Jackson (G. Noyes Slayton,* of counsel), for the defendants.

CARSWELL, J. This is a motion for the issuance of a commission upon written interrogatories, to the United States vice consul at Sourabaya, Java, to take the testimony of John Doe, Richard Roe and Samuel Smith. The names given are fictitious. The identity of the individuals sought to be examined, however, is given in detail, as being in one instance the man who weighed certain rubber marked in a given fashion that was placed on board a specified boat and who was an employee of a specified firm between March 15 and March 25, 1921. In the second instance, the man is identified as being the one in the employ of a specified company between March 15 and March 25, 1921, who packed a certain quantity of cases of rubber marked in a certain specified way for shipment aboard a certain specified boat. In the third instance, the man is identified as being employed by a specified company who trucked a specified quantity of rubber marked in a specified way to a specified vessel on or about March 25, 1921.

Defendants resist on the ground that the Civil Practice Act (§ 290) requires that the name or names of the person or persons to be examined be given. Section 288 of the Civil Practice Act,

which plaintiff purports to be moving under, contains no such requirement. The predecessor section in the Code of Civil Procedure (§ 887) required that when a commission issued it should be to examine the witness or witnesses *named therein.* It is argued that the Civil Practice Act has deliberately omitted the requirement under section 887 of the Code of Civil Procedure that the witness should be named therein.

Under the Code of Civil Procedure, depositions within the state, and depositions without the state, were provided for in two separate articles. The Civil Practice Act provisions with reference to depositions are not classified on any such basis. The primary classification is that of examinations taken pursuant to an order of the court and examinations taken pursuant to a notice without an order of the court.

Section 290 of the Civil Practice Act prescribes the requirements for the taking of testimony without an order. It does not purport to regulate the practice with reference to the taking of testimony with an order and its requirements may not be interpolated into the practice where an order of the court is required. *Eagle-Picher Lead Co.* v. *Mansfield Paint Co., Inc.,* 203 App. Div. 9. The requirements, therefore, with reference to depositions taken pursuant to an order of the court are to be determined from the examination of sections 288, 289, 292–296, 301, 302, and rules 122, 125–133.

It will be helpful to decide what the power of the court with reference to such a situation as we have here was before the adoption of the Civil Practice Act.

The statutory predecessor of the Code provisions (2 R. S. [1827–1828] chap. VII, tit. III, arts. 1, 2) did not in any pertinent particular differ from the Code provisions (section 870 *et seq.*). It was held under section 887 of the Code of Civil Procedure that a commission to take testimony without the state could not be had unless the witnesses sought to be examined were named. *Hemenway* v. *Knudson,* 73 Hun, 227; *Lazarus* v. *Schroder,* 49 App. Div. 393; *Spurr & Sons, Inc.,* v. *Empire State Surety Co.,* 117 App. Div. 816; *Harden* v. *Hoops,* 137 id. 299. However, where an open commission issued, it was permissible to examine witnesses who were not named, where provision was made therefor in the order granting the commission. *Parker* v. *Lythgoe,* 36 N. Y. St. Repr. 981; 13 N. Y. Supp. 949; *Kaempfer* v. *Gorman,* 43 N. Y. St. Repr. 800; 17 N. Y. Supp. 857; *Darling* v. *Klock,* 74 Hun, 248; *Jemison* v. *Citizens Sav. Bank,* 85 N. Y. 546, 550. These cases limit the exercise of the power of the court to have a commission issue, without the witnesses being named, to unusual situations

and prescribe that care should be taken to protect the adverse party. They also impose the requirement that if the witnesses are not named they should be so described as to be capable of being recognized or identified. Some of them indicate a still additional requirement that it should not be granted, on an open commission, if the adverse party resists. This latter requirement, of course, is obsolete under the present practice provisions of this state, assuming it to ever have been a sound principle, as it is a question of what terms, if any, should be imposed, if the commission should otherwise issue. A further limitation was recognized that the principle requiring witnesses to be named should never be departed from when by reasonable diligence the names might be ascertained. *Wright* v. *Jessup*, 10 N. Y. Super. Ct. 642.

In the instant case, in addition to what has already been indicated, we have the unusual situation of the inability of the plaintiff, after much effort and long delay in connection with distant points of the world, to get the real names of the individuals whom he seeks to examine.

The conditions imposed for the issuance of an open commission under the cases based upon the provisions of the Code of Civil Procedure and its predecessor statutes have been complied with in this case. But an open commission is not sought herein. It is a commission on written interrogatories that is asked for. The requirements for examination of parties or witnesses before trial under the new Civil Practice Act were intended to be less incumbered with obstructions to access to the facts of a controversy than were the old provisions under the Code.

The Civil Practice Act has not preserved in express language the requirement that witnesses be named, which was formerly contained in section 887 of the Code of Civil Procedure. Section 294 of the Civil Practice Act, according to the table of the disposition of sections of the Code, contains all that was preserved of sections 894, 896, 897 and 898 of the Code of Civil Procedure. It contains no express requirement that witnesses shall be named. So much of section 887 as was retained is found in section 288 of the Civil Practice Act and contains no such requirement. This tracing of the old Code provisions on depositions, so far as retained, in the Civil Practice Act provisions and a comparison of the language of both sets of provisions and a consideration of the sections wholly eliminated, sustains the view that the Civil Practice Act in respect to examinations was intended to constitute a new system. It likewise sustains the view that the practice under the old Code provisions is not to be assimilated to the practice under the new

Civil Practice Act. *Buehler* v. *Bush*, 200 App. Div. 206. Especially is this so where a result less liberal than was had under the old practice would ensue. Moreover, section 2 of the Civil Practice Act directs that the rule of strict construction is not to be applied to the act. It is to be liberally construed in furtherance of justice and consistent with due regard to the rights of adverse parties, with a minimum of restriction upon the taking of the testimony of any competent witness. Since the application in the instant case could be granted on an open commission under the old practice because of its meeting the requirement of the old cases, I think that in view of the greater liberality of the new Civil Practice Act with respect to examinations and the legislative purpose to lessen the restrictions upon such examinations, under the rule of liberal construction that should be applied, a commission herein should issue upon written interrogatories. No hurtful result can flow to the adverse party and none is indicated as being likely that would not be equally present if the witness or witnesses were named. The purpose of naming a witness is to identify him. If the purpose is effected, the spirit as well as the letter of the new statutory requirement is complied with. The purpose is effected herein by a detailed description of each witness that more fully identifies him than would his name if it were given. The court has always had the power to permit examinations of unnamed witnesses on an open commission in the exercise of discretion. The new Practice Act can be said to be indicative of a legislative declaration for still greater liberality and for a wiping out of the sharp-drawn distinctions between an open commission and written interrogatories or if any heretofore existed between depositions taken within the state or depositions taken without the state. It should also be construed as having indicated in a specific fashion that the names must be given where the party is moving without a court order, but whether they must be given when the party is moving under a court order is left to the discretion of the court. When the party is moving under a court order an opportunity is afforded all parties to invoke court action for the imposing of appropriate requirements that will safeguard all parties concerned. *Dayton* v. *Farmer*, 201 App. Div. 239. That opportunity was available in this instance. The court in the exercise of its discretion under the new Practice Act should prevent a possible failure of justice herein by exercising liberally and to the full the power vested in it by the Civil Practice Act. Motion granted, commission to issue to the named vice consul.

Ordered accordingly.