A. ROSEN & SONS, INC., Appellant, *v.* MAX P. SILVERMAN, Respondent.

First Department, June 10, 1932.

*David T. Smith* of counsel [*Smith, Heymsfeld & Weiss*, attorneys], for the appellant.

*Joseph Nemerov* of counsel [*Pollock & Nemerov*, attorneys], for the respondent.

PER CURIAM. The counterclaim is clearly insufficient. The alleged dividends sought to be recovered have not been declared. The declaration of such rests wholly within the sound discretion of the board of directors. (*Liebman* v. *Auto Strop Co.*, 241 N. Y. 427.) Such an action, moreover, would not lie at law (*Godley* v. *Crandall & Godley Co.*, 212 N. Y. 128; *Greeff* v. *Equitable Life Assurance Society*, 160 id. 19), and would lie against the directors who are not here parties.

As a defense, however, the pleading may be sustained solely upon the ground that it pleads lack of consideration. It is asserted that the stock of the plaintiff's assignor received by the defendant was given, not for the note, but in return for the assignment by the defendant of his right, title and interest in the contracts owned by

him, together with office fixtures and good will of his business; and that the pledge of his stock as security for the payment of the note was, therefore, likewise without consideration. We are considering a matter of pleading merely, not the ultimate rights of the parties.

The order in so far as appealed from should be modified by granting the motion to dismiss the counterclaim interposed to the first cause of action, and as so modified affirmed, without costs.

Present — FINCH, P. J., MERRELL, MARTIN, O'MALLEY and TOWNLEY, JJ.; FINCH, P. J., dissents and votes for reversal.

FINCH, P. J. (dissenting). I concur that the counterclaim is clearly insufficient. It also seems to me that the defense is likewise invalid because while the defense alleges as a conclusion that the note was given without consideration, yet in another portion of this same defense it is pleaded that the note was given in payment of the stock subscribed for.

Appellant claims that the note is void because, under the provisions of the Stock Corporation Law (§ 69), no corporation shall issue shares except for money, labor or property actually received for the use of the corporation.

In *Furlong* v. *Johnston, No. 1* (209 App. Div. 198; affd., 239 N. Y. 141) the note of a solvent person was held to be property within this section. The contention of this appellant is, therefore, without merit. In consequence the defense also is invalid.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to strike out granted both as to the defense and counterclaim, with ten dollars costs.

Order so far as appealed from modified by granting motion to dismiss the counterclaim interposed to the first cause of action, and as so modified affirmed, without costs.