ANNA MCGANN, etc., Plaintiff, *v.* JACOB ADLER, Defendant.

Supreme Court, New York County, December 13, 1933.

*Herbert Kaufman*, for the plaintiff.

*Edward L. Johnson*, for the defendant.

COLLINS, J. This motion presents the interesting question whether a defendant in a death action who has pleaded as a defense the contributory negligence of the decedent (Civ. Prac. Act, § 265) may be required to furnish the plaintiff with a particularization of the alleged contributory negligence.

Section 247 of the Civil Practice Act does not restrict the character of claims concerning which particulars may be directed. But the courts have deemed it advisable, as a matter of public policy, to withhold the exercise of the power in certain instances. In *Griffin* v. *Cunard S. S. Co.* (159 App. Div. 453) the court, refusing a bill of particulars, said: " The defense of contributory negligence in its very nature precludes the necessity for particularization." Yet the plaintiff is constantly called upon to apprise the defendant of the acts upon which plaintiff relies as constituting defendant's negligence. Surely if the defendant's negligence be susceptible of particularization, so the decedent's acts are susceptible to particularization.

What obscures the problem is the doctrine that although the defendant in a death case is required to plead and prove the decedent's contributory negligence, such proof ensues from the plaintiff's witnesses. Thus it was said in *Sackheim* v. *Pigueron* (215 N. Y. 62, 75): "It is still essential to a recovery in a death case that the proximate cause of an injury resulting in death be due to the negligence of the party defendant causing the injury. Upon the trial of such action, if the evidence offered on behalf of the plaintiff discloses that the deceased was guilty of negligence contributing to the injury which resulted in death, a failure of proof would exist. The defendant would not be obliged to offer evidence but might rely upon the evidence so presented by the plaintiff." (*Porter* v. *New York City Interborough R. Co.*, 235 App. Div. 524.)

This rule has resulted in the holding that " ordinarily it may be said that it would be improper to require defendant to both plead and particularize his allegation of contributory negligence inasmuch as he is entitled to rely on plaintiff's evidence. The effect might often be to deprive him of that right; for he may not be able to anticipate plaintiff's proof." (*Egan* v. *Tishman & Sons, Inc.*, 222 App. Div. 141, 144.)

Here the defendant alleges the decedent's contributory negligence. It seems to me that the plaintiff is entitled to an amplification of that claim. If the defendant, despite its affirmative plea, relies upon the testimony of the plaintiff, the defendant should say so under oath. Then the plaintiff will know what the defendant expects to prove and will rely upon. If, however, the defendant has evidence of its own which it contends will establish contributory negligence, in fairness and justness, the plaintiff should be advised thereof.

*Egan* v. *Tishman & Sons, Inc.* (*supra*) is clearly distinguishable from this case. There it appeared that the plaintiff was " familiar with all the facts and circumstances surrounding the accident." Here, however, there is no claim that the plaintiff has such knowledge. She affirms that she " has no personal knowledge of the facts concerning the accident." The defendant counters by insisting that disclaimer of " personal " knowledge is not tantamount to disclaimer of knowledge. But the defendant here does not show, as did the defendant in the *Egan* case, that the plaintiff has knowledge. Further, the function of a bill is to amplify a pleading and limit the proof.

Motion granted as herein indicated; bill to be furnished within ten days after service of a copy hereof with notice of entry.