ELEANOR ROCHFORD, as Administratrix of the Estate of FRANCIS ROCHFORD, Deceased, Plaintiff, *v.* DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Defendant.

Supreme Court, Trial Term, Oneida County, December 11, 1942.

*Arnold L. Speiller* for plaintiff.

*MacKenzie, Smith & Mitchell* for defendant.

SEARL, J. This action is brought in negligence, the complaint alleging that plaintiff's intestate was riding a bicycle along a public highway in the village of Clayville, Oneida county, New York, and while passing over the tracks of the defendant was injured by reason of a defective condition of defendant's railroad crossing, the injuries resulting in his death.

Defendant's amended answer alleges that the death and any resulting damages were caused by reason of the fault or contributory negligence of plaintiff's intestate and/or some third person or persons over whom defendant had and maintained no direction or control.

By an order signed September 1, 1942, Honorable Abram Zoller directed that defendant serve on plaintiff's attorney a verified bill of particulars setting forth the act or acts of negligence on the part of plaintiff's intestate which defendant claims caused or contributed to the happening of the accident, and the particular act or acts of negligence on the part of the third person or persons over whom defendant had and maintained no direction or control, as well as the name or names of the third person or persons whose acts of negligence defendant claims caused or contributed to the accident. Accordingly, a

bill of particulars, dated September 25, 1942, was served by the defendant, the particulars being as follows:

" (a) Plaintiff's intestate was negligent in that he failed to maintain a proper lookout along said roadway; that he failed to exercise any care whatsoever in the operation of his said bicycle; that he operated said bicycle in a dangerous and careless manner in view of all the conditions and circumstances presented at the time and place of said accident.

"(b) Defendant contends that said accident complained of in the complaint was not caused through any negligence on the part of the defendant, or its agents or employees and that said accident was caused through the negligence of plaintiff's intestate and/or other third persons over whom defendant had no control and whose names are not now known to the defendant."

Following receipt of these particulars, plaintiff moved, at a Special Term held in and for the county of Oneida on the 20th day of October, 1942, for an order directing the defendant to serve a further verified bill of particulars of both of the defendant's defenses as above referred to, or, in the alternative, for an order precluding the defendant from giving evidence thereof on the trial of this action.

The defendant takes the position that the plaintiff contends that the accident was caused by reason of the illegal, improper, and unsafe method in which the crossing was constructed and maintained, and that if the plaintiff had been keeping a proper lookout as to where he was going and if his bicycle had been under control the accident would not have happened. Defendant argues that it would be unfair to require the defendant to limit itself to certain specific acts of negligence. This, for the reason that upon the trial of the action the defendant might be able to show from the cross-examination of plaintiff's witnesses some contributory negligence on the part of the deceased; that as to any facts or circumstances elicited from plaintiff's witnesses showing contributory negligence defendant should be permitted to present to the jury such facts, inferences, and conditions as might indicate that plaintiff's intestate was negligent. In other words, that the defendant should not be limited to the exact and specific statements of negligence as set forth in the bill of particulars.

Various expressions of the First, Second, and Third Departments are set forth in *Egan* v. *Tishman & Sons, Inc.* (222 App. Div. 141 [First Dept., 1927]). Then the opinion follows: " This court has held that if it is shown that information with

reference to the accident is solely in the possession of the defendant, he will be compelled to furnish the particulars; but, where knowledge of the facts surrounding the accident is in the possession of the plaintiff, the particulars will not be ordered. * * *. Ordinarily it may be said that it would be improper to require defendant to both plead and particularize his allegation of contributory negligence inasmuch as he is entitled to rely on plaintiff's evidence. The effect might often be to deprive him of that right; for he may not be able to anticipate plaintiff's proof.''

In 1932, in *Dunson* v. *Kirtland* (235 App. Div. 854 [Second Dept.]), an order was modified, requiring the defendant to give the particulars asked for, or, '' if he is not in possession of such particulars, to so state and likewise to state that he intends to rely upon the testimony of the plaintiff's witnesses on the issue of contributory negligence.''

In 1933, Justice COLLINS writing in *McGann* v. *Adler* (149 Misc. Rep. 745; affd., 241 App. Div. 726 [First Dept.]) quotes with approval *Egan* v. *Tishman & Sons, Inc.* (*supra*), adding the following expression: '' Here the defendant alleges the decedent's contributory negligence. It seems to me that the plaintiff is entitled to an amplification of that claim. If the defendant, despite its affirmative plea, relies upon the testimony of the plaintiff, the defendant should say so under oath. Then the plaintiff will know what the defendant expects to prove and will rely upon. If, however, the defendant has evidence of its own which it contends will establish contributory negligence, in fairness and justness, the plaintiff should be advised thereof.'' (Also, 3 Carmody's New York Practice, § 1104, p. 2426.)

In the case at bar it does not appear by the moving papers whether the plaintiff has any eyewitnesses of the accident, nor does the defendant set forth whether any of its employees or other witnesses, known to defendant, actually saw the accident. The instant action being a death case, the defendant must carry the burden of proof as to any contributory negligence on the part of the deceased. The defendant could properly require the plaintiff to furnish a bill of particulars as to any negligent acts claimed as against the defendant, and could properly strike out from plaintiff's bill of particulars any general allegations of negligence, or conclusions. By the same token, the plaintiff could likewise cause to be stricken out from any bill of particulars furnished by the defendant, as to contributory negligence of the deceased, any general allegations of negligence, or conclusions.

The bill of particulars already ordered herein requires the defendant to set forth the act or acts of negligence on the part of plaintiff's intestate which defendant claims caused or contributed to the happening of the accident and the particular act or acts on the part of any third person or persons over whom defendant had no direction or control, as well as the name or names of the third person or persons whose acts of negligence defendant claims caused or contributed to the accident as alleged in the amended answer.

As to the first requirement, defendant has gone no further than general allegations and conclusions, except to set up in its bill of particulars that plaintiff's intestate failed to maintain a proper lookout. As to the second requirement, defendant substantially sets up the wording of the amended complaint, without stating any information as to whom the alleged third persons are or what their acts were that caused or contributed to the happening of the accident. In other words, plaintiff has no additional information outside of what could be gleaned from the allegations of the answer, with the exception of the one claim that plaintiff's intestate failed to keep a proper lookout.

It is generally conceded that the purpose of a bill of particulars is to prevent injustice and surprise. If, perchance, an engineer on one of defendant's trains was known to defendant to have seen an automobile strike plaintiff's intestate and throw him at the time he was crossing the tracks, plaintiff's counsel should not be deprived of this information, resulting in surprise and embarrassment on the trial.

Inasmuch as no decision can be found in which the Fourth Department has squarely agreed or disagreed with any of the other Departments, an order may be made as follows: That the defendant be precluded from giving evidence on the trial of this action concerning the allegations contained in paragraph of the amended answer designated as " 6th " (except as to failure on the part of plaintiff's intestate to maintain a proper lookout as set forth in the allegation designated as " a " in defendant's bill of particulars), but the defendant will not be precluded from presenting any arguments upon the trial touching the alleged contributory negligence of the deceased which may be properly brought out or inferred from proof offered by the plaintiff. Defendant is granted the right to serve upon plaintiff's counsel, within five days after receipt of this order and notice of entry, an additional or supplemental verified bill of particulars as to any additional claims of contributory negligence on the part of the deceased or the names of any third

person or persons whose act or acts it is claimed caused or contributed to the happening of the accident.

In this manner the defendant will be granted the opportunity of disclosing any evidence pertinent to the issues of which it has possession, also thereby permitting plaintiff to be notified, with sufficient opportunity to meet the same.