WILLIAM MURRAIN, as Administrator of the Estate of MARTHA MURRAIN, Deceased, et al., Respondents, *v.* WILSON LINE, INC., Defendant, and CITY OF NEW YORK, Defendant-Appellant.

First Department, May 21, 1943.

*Fred Iscol* of counsel (*Paxton Blair* with him on the brief; *Thomas D. Thacher, Corporation Counsel*), for appellant.

*Jerome Golenbock* of counsel (*Irving Brand* with him on the brief), for respondents.

*Per Curiam.* The order for examination is too indefinite in that it requires an officer " having knowledge " to attend and requires " such relevant " books and records to be produced.

The order should specify the officer to be examined and the documents required.

The requirement for a bill of particulars of the defense of contributory negligence is also improper in this case. There are no allegations that plaintiffs are without knowledge of the facts surrounding the accident, or that the information with reference to the accident is wholly in the possession of the defendant. It is only under such circumstances that a bill of particulars of a defense of contributory negligence will be required. (*Egan* v. *Tishman & Sons, Inc.*, 222 App. Div. 141.) Even then the defendant will only be required to particularize concerning such claims of contributory negligence as it intends to assert in addition to those it may be able to develop on cross-examination of plaintiffs' witnesses. (*Dunson* v. *Kirtland*, 235 App. Div. 854.)

The order should be reversed, with twenty dollars costs and disbursements, and the motions denied, without prejudice to renewal on proper papers.

UNTERMYER, J. (dissenting in part). I concur in so much of the opinion of the court as reverses the order granting an examination before trial of the appellant without prejudice to a renewal of the motion.

I dissent from so much of the opinion as reverses the order directing the city of New York to serve " a bill of particulars of the defense of contributory negligence * * * unless the defendant intends to rely upon proof adduced as part of plaintiffs' case " upon the ground, as stated in the opinion, that " there are no allegations that plaintiffs are without knowledge of the facts surrounding the accident, or that the information with reference to the accident is wholly in the possession of the defendant." In my opinion the suggestion that a party may be refused such particulars because he has knowledge of the facts misconceives the purpose of a bill of particulars. The purpose is not only to furnish information of an affirmative claim but to *limit the proof* to the facts stated in the bill of particulars. Although a party may have complete knowledge of the facts he cannot adequately prepare to meet testimony at the trial which may not correspond with those facts unless his adversary's evidence is limited by a bill of particulars. We should not countenance any rule which deprives a party of particulars to which he might otherwise be entitled because he has knowledge of the facts.

It is true that particulars of the defense of contributory

negligence will not be required except to the extent that the party who asserts that defense relies upon facts which do not appear from the plaintiff's proof. But to the extent that a defendant relies upon extraneous facts we have held, and I think properly, that particulars should be required. (*McGann* v. *Adler*, 149 Misc. 745, affd. 241 App. Div. 726.) Otherwise parties will be enabled to surprise each other by proof of facts for which they cannot be prepared. This is illustrated by the situation that may arise in the present case if, for instance, the appellant shall seek to establish that the deceased was warned of danger in proceeding to the place where the accident occurred. Unless furnished with particulars which will enable him to assemble his evidence, the plaintiff may be helpless to meet that issue at the trial.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur in *Per Curiam* opinion; UNTERMYER, J., dissents in part, with opinion.

Order reversed, with twenty dollars costs and disbursements, and motions denied, without prejudice to renewal on proper papers.