AARON GRANTZ, Plaintiff, *v.* HOME OWNERS' LOAN CORPORATION, Defendant.

City Court of the City of New York, Special Term, New York County, March 21, 1945.

*Sidney Shapiro* for plaintiff.

*Jacob D. Menkes* for defendant.

PARELLA, J. Motion for examination before trial is granted as to items 1, 2, 3; and 4 to be limited to actual notice or knowledge of specific defects; denied as to item 5. The defendant is directed to attend for examination accordingly by an appropriate officer or employee at Special Term, Part II, on March 28, 1945, 2 P.M. and to produce for use pursuant to section 296 of the Civil Practice Act such of the books, records and papers referred to in the notice of motion within its possession or control as relate to the subject matter of the examination.

I do not feel that the failure of the plaintiff to designate a particular officer or employee to be examined warrants a denial of the motion. To require plaintiff to designate the particular individual whose deposition is to be taken may in effect deny him the right of examination before trial; this was pointed out by Mr. Justice McCullen in *McWilliams* v. *City of New York* (N. Y. L. J., Jan. 15, 1945, p. 185, col. 7) at Special Term, Part I, of this court, January 12, 1945. Mr. Justice McCullen quoted from the opinion of Walter, J., in *Jarcho Bros., Inc.,* v. *City of New York* (N. Y. L. J., Sept. 2, 1943, p. 441, col. 4) as follows: "I think the requirement in *Murrain* v. *Wilson Line, Inc.,* (266 App. Div. 179) that the order specify the officer to be examined was due to the special circumstances of that case. * * * In many cases the moving party has no means of knowing what officer or agent of the corporate defendant has knowledge of the facts, and such a rule would be tantamount to depriving parties of the right to an examination in a very large number of cases. * * * (Compare the discussion by Carswell, J., in *Gelderman* v. *Stoomvaart,* 123 Misc. 127) ".