CONCETTA BRUZZANO, an Infant, by ANTHONY BRUZZANO, Her Guardian ad Litem, Plaintiff, v. CITY OF NEW YORK et al., Defendants.

Municipal Court of the City of New York, Borough of The Bronx, May 16, 1946.

*Joseph Bongiorno* for plaintiff.

*John J. Bennett, Jr., Corporation Counsel (Matthew Gleason* of counsel), for City of New York, defendant.

LORETO, J. Motion to examine before trial the defendant City of New York is granted as to the four items set forth which do not go beyond the scope of general examination in negligence suits allowed by section 292-a of the Civil Practice Act.

Because of the plaintiff's failure to designate any particular officer or employee to be examined, the defendant asks that the motion be denied under the authority of *Murrain* v. *Wilson Line, Inc.* (266 App. Div. 179). The plaintiff, while walking along a public sidewalk fell into an open manhole thereon sustaining the injuries which are the basis of her claim for damages herein. It is apparent that she does not know and is in no position to

know who of the officers and employees of the defendant have knowledge of the facts.

I agree with the opinion in *Jarcho Bros., Inc.,* v. *City of New York,* of Mr. Justice WALTER, Supreme Court, New York County (N. Y. L. J., Sept. 2, 1943, p. 441, col. 4) in which he stated: " I think the requirement in *Murrain* v. *Wilson Line, Inc.* (266 App. Div. 179) that the order specify the officer to be examined was due to the special circumstances of that case. I cannot believe that the Appellate Division intended to lay down a general rule that a party moving for the examination before trial of a corporate defendant must in all cases specify the particular officer to be examined. In many cases the moving party has no means of knowing what officer or agent of the corporate defendant has knowledge of the facts, and such a rule would be tantamount to depriving parties of the right to an examination in a very large number of cases. * * * Compare the discussion by CARSWELL, J., in *Gelderman* v. *Stoomvaart,* 123 Misc. 127)."

Other judges sitting in Special Term have declared their agreement with the foregoing reasoning and have allowed the examination under similar circumstances. (See *Grantz* v. *Home Owners' Loan Corp.,* 184 Misc. 589, and *Isgro* v. *City of New York,* N. Y. L. J., May 11, 1946, p. 1874, col. 1, both in the City Court of the City of New York, New York County.)

Accordingly, the defendant by an officer or employee having knowledge of the subject matter of the examination is directed to attend for examination at Trial Term, Part 2, of this court on May 28, 1946, at 10:00 A.M.