Michael J. Montesano, J.
This action is brought pursuant to section 130 of the Decedent Estate Law to recover damages for personal injuries resulting in the death of plaintiff’s intestate.
*531 The codefendant, New York Telephone Company, served upon the plaintiff, a demand for a bill of particulars. The plaintiff complied and furnished copies thereof to all party defendants. Subsequently a supplemental bill of particulars in accordance with the order of this court, was served.
The answers of both defendants allege as an affirmative defense that the mishap occurred in whole or in part by the plaintiff’s intestate’s contributory negligence. The plaintiff served both defendants with a demand that each of them furnish him with a bill of particulars as to their affirmative defense. The defendant telephone company has complied and served its bill of particulars; the individual defendant refuses to honor the demand. She now moves to vacate the demand and urges two grounds therefor: that it does not appear, from the papers before the court, (1) that the plaintiff is without knowledge of the facts and circumstances surrounding the accident and (2) that the facts relating to the accident are wholly in the ¡Dossession of this defendant.
It was so held in Egan v. Tishman & Sons (222 App. Div. 141, 142), where it said: ‘1 This court has held that if it is shown that information with reference to the accident is solely in the possession of the defendant, he will be compelled to furnish the particulars; but, where knowledge of the facts surrounding the accident is in the possession of the plaintiff, the particulars will not be ordered. ’ ’
The plaintiff concedes that as a result of an investigation he has acquired information concerning the accident. But this should not preclude him from securing further particulars from the defendants. The information in the possession of the defendant O’Rourke, subject to disclosure by a bill of particulars, might prove substantially at variance with that in the possession of the plaintiff. To properly and thoroughly prepare for trial such particulars should be disclosed in order that all parties will not, at the trial, be encountered with testimony which will surprise either or both of them. The element of surprise should, if possible, be eliminated or reduced to a minimum.
In Egan v. Tishman & Sons (supra, p. 143), the court cited and in the main, for its conclusion, relied on Griffin v. Cunard S. S. Co. (159 App. Div. 453, 454) and adopted the reasoning of that court; “ ‘ Upon considerations of sound public policy we have not allowed general examinations before trial in negligence cases. (Wood v. Hoffman Co., 121 App. Div. 636.) It seems apparent that if an order should require the defendant to give the particulars of the claimed contributory negligence the court must be prepared to grant an application for an order *532 for plaintiff’s examination before trial to enable defendant to comply with the order of particulars. ’ ”
The underlying reason which prompted the court in Griffin v. Cunara (1914, supra) to deny the particulars, in view of the rule, which now permits examination before trial without regard to the burden of proof (Rules Civ. Prac., rule 121-a), cannot now be made the basis for a similar conclusion. Our sights should stay fixed on the tendency of the courts in recent years to liberalize the practice relating to procedural matters before trial. (Wilhelm v. Abel, 1 A D 2d 55; Hoag v. Ulster & Delaware R. R. Co., 177 App. Div. 433, 437; Howe v. McBride, 193 Mise. 271; Public Nat. Bank v. National City Bank, 261 N. Y. 316.)
Moreover, we cannot overlook that rule 115 of the Buies of Civil Practice is broad in its scope and requires 1 ‘ Any party * * * ” to furnish to the other a bill of particulars of his claims.
While the decisions of the various appellate departments are not in complete harmony on this subject, Rockford v. Delaware, Lackawamna & Western R. R. Co. (179 Misc. 231, 233), the reasoning in the latter case wherein the relief here sought by the plaintiff was there substantially granted is persuasive. (See, also, Murrain v. Wilson Line, 266 App. Div. 179, 180, dissenting opinion; United Cigar-Whelan Stores Corp. v. City of Syracuse, 83 N. Y. S. 2d 895, 897.)
For the reasons stated the codefendant O’Bourke’s motion is denied but if she is not in possession of any of the particulars demanded by plaintiff and so states, she shall not be precluded from relying upon the testimony of plaintiff’s witnesses on the issue of contributory negligence (Dunson v. Kirtland, 235 App. Div. 854).
Enter order accordingly.