Charles J. Beckinella, J.
This is a motion for an examination before trial of defendant association ‘ ‘ through one of its officers familiar with the facts herein ” and for the production, on the examination, of ‘ ‘ all its books, papers and other records in any way pertaining ’ ’ to the issues upon which the examination is sought.
Defendant contends that plaintiff should be required because of his personal knowledge as former president of defendant association, to state which of the books and records of the defendant association are to be produced at the examination and which of the officers of the association the plaintiff wishes to examine.
Rule 122 of the Rules of Civil Practice states in part that ‘ ‘ If an adverse party * * * whose testimony is sought, be a corporation, joint-stock or other unincorporated association * * * the affidavit [of the moving party] must state or otherwise designate or describe the office or position in such corporation, association * * * held by the person whose testimony is material and necessary.” (Italicized portion added by amdt. eff. Jan. 1, 1953.)
It had been held, prior to the amendment of rule 122, effective January 1, 1953, that an order requiring an officer ‘ ‘ having knowledge ” to attend examination was too indefinite and that the order for the examination should specify the officer to be examined (Murrain v. Wilson Line, 266 App. Div. 179). However, the holding in that case was construed to have application only to the special circumstances of the case and that it should not be applied to a situation where the moving party has no means of determining which officer or agent has knowledge of the facts (Jarcho Bros. v. City of New York, 62 N. Y. S. 2d 481; see, also, Schloss v. Federal Motor Truck Co., 81 N. Y. S. 2d 303; Bruzsano v. City of New York, 187 Misc. 549).
The question raised in the foregoing cases was substantially resolved by amendment, effective January 1, 1953, of rule 122, so as to provide therein, in part, that “ If, however, the party seeldng the testimony does not know and has no means of knowing what officer, agent or employee of the adverse party * * * has knowledge of the facts as to which the testimony is required, the affidavit shall so state and the reasons therefor ”.
*233 The affidavit submitted in support of the instant motion fails to specify or otherwise designate or describe the office or position of the person whose testimony is sought, nor does plaintiff claim that he lacks knowledge and that he has no means of knowing what officer of defendant association has knowledge of the facts. If the plaintiff has no such knowledge and has no means of knowing, he should so state and give the reasons therefor, in compliance with the requirements set forth in rule 122.
Plaintiff should also describe, at least generally, the books and papers sought on the examination, so far as practicable (Rules Civ. Prae., rule 122).
Determination of the other points raised by defendant association can await disposition upon renewal of the motion.
In view of the foregoing', motion for examination before trial is denied, with leave to renew upon proper papers.
Submit order on notice.