Charles A. Loreto, J.
Motion by one of the codefendants in a death action to vacate plaintiffs’ demand that he particularize his affirmative defense of contributory negligence.
The said defendant is the owner of the vehicle involved in the accident, but he was not present when it occurred. It is his contention, based on the ruling in Egan v. Tishman & Sons (222 App. Div. 141) that in situations such as this, where knowledge of the facts surrounding the accident is in the possession of the plaintiffs, a bill of particulars should not be ordered. This ruling, however, was subsequently limited to those circumstances when plaintiff was “familiar with all the facts and circumstances surrounding the accident ” (McGann v. Adler, 149 Misc. 745, 746, affd. 241 App. Div. 726). Plaintiff here sues in a representative capacity, both as administratrix of a decedent and as guardian ad litem of an infant. It is not alleged that she was present at the accident. It is, therefore, obvious that she can have no personal knowledge of the occurrence. ‘ ‘ If the defendant, despite its affirmative plea, relies upon the testimony of the plaintiff, the defendant should say so under oath. Then the plaintiff will know what the defendant expects to prove and will rely upon. If, however, the defendant has evidence of its own which it contends will establish contributory negligence, in fairness and justness, the plaintiff should be advised thereof.” (McGann v. Adler, supra, p. 746.)
Motion denied as herein indicated. Bill to be furnished within 10 days after service of a copy of this order with notice of entry.